A91A1216. SLEETH v. THE STATE.
(411 SE2d 79)

Sognier, Chief Judge.

This appeal is the second appearance of this case before the Court of Appeals. In *Sleeth v. State*, 197 Ga. App. 349 (398 SE2d 298) (1990), we affirmed William Eric Sleeth's convictions for burglary, arson, and possession of marijuana, but remanded the case to the trial court for a hearing on his claim of ineffective assistance of

counsel at trial. The trial court held the requisite hearing and decided the question adversely to Sleeth, denying his motion for new trial. He appeals.

At trial, evidence was adduced that appellant and Deborah Thompson were romantically involved from August 1988 until early November, when she ended the relationship. Thompson testified that in the days after she broke off relations with appellant, he made harassing telephone calls to her home and accosted her at their mutual place of employment. Thompson's home was burglarized between 5:30 a.m. and 4:00 p.m. on November 15, 1988, and was destroyed by fire at about 9:00 p.m. on November 26. An investigator testified that the fire was deliberately set by someone who poured an accelerant inside and outside the house. Several witnesses placed appellant's car in the vicinity of Thompson's home the evening of the fire, and some of the personal items stolen from her home during the November 15 burglary were found under a mobile home in which appellant was living.

In support of his claim of ineffective assistance of counsel, appellant contends his trial attorney (a) failed to interview or present the testimony of witnesses who would have supported his defense of alibi for the November 15 burglary; (b) improperly prevented appellant from testifying at trial; (c) failed to obtain a transcript of appellant's committal hearing and consequently was unprepared to impeach the trial testimony of a fire department witness; (d) failed to interpose certain objections to testimony and to the court's opening charge to the jury; and (e) was hostile to appellant and his interests. We will consider these arguments seriatim.

(a) We find no merit in appellant's contention that counsel failed to interview or call for testimony at trial a number of alibi witnesses. At trial, three witnesses testified that they had seen or been with appellant during some portion of the day of November 15, and two witnesses testified concerning his whereabouts at various times on November 26. Appellant testified at the hearing that he had given counsel an extensive list of witnesses whom appellant claimed would provide a complete alibi for November 15. Counsel, however, explained during his hearing testimony that either he or his investigator interviewed several of these witnesses, but that he rejected them as trial witnesses either because they could provide only cumulative testimony or because their testimony would not have supported appellant's version of the events. Further, he noted that under appellant's own handwritten narrative of his activities on the 15th, even if counsel had called every witness listed by appellant, there would still have been a gap of several hours during which no one could vouch for his whereabouts.

"We agree that 'effective representation' involves more than

courtroom conduct by the advocate. The exercise of the highest order of skill during the trial would fall short 'if counsel has neglected the necessary investigation and preparation of the case or failed to interview essential witnesses or to arrange for their attendance.' [Cit.]" *Harrell v. State*, 139 Ga. App. 556, 558 (3) (228 SE2d 723) (1976). Here, however, we find no violation of that duty, as counsel obviously either interviewed the prospective witnesses and determined their testimony would not be helpful or made a strategic decision not to call them because they could not conclusively establish an alibi defense. See *Nichols v. State*, 257 Ga. 558-559 (2) (a) (361 SE2d 486) (1987). "The decisions on which witnesses to call, whether and how to conduct cross-examinations, . . . and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client. . . . The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense." (Citations and punctuation omitted.) *Stripling v. State*, 155 Ga. App. 636, 637 (2) (271 SE2d 888) (1980).

(b) Appellant's argument concerning his failure to testify at trial is similarly without merit, as counsel testified at the hearing he advised appellant not to testify because he could open the door to admission of evidence of his prior convictions, and the trial transcript reveals that in response to a direct query from the trial judge, appellant stated he did not wish to testify. See *Sutton v. State*, 238 Ga. 336, 337-338 (232 SE2d 569) (1977); accord *Powell v. State*, 198 Ga. App. 509, 511 (402 SE2d 108) (1991).

(c) At the hearing, appellant did not produce the transcript of the committal hearing, and thus failed to support his argument concerning the allegedly contradictory testimony of the fire department witness. Accordingly, we must presume counsel's actions were not prejudicial to appellant. See generally *Hasty v. State*, 195 Ga. App. 427 (394 SE2d 800) (1990).

(d) In appellant's prior appeal, we held that the testimony challenged by appellant was admissible, *Sleeth*, supra at 349-350 (2), and also found no harm in the jury instruction at issue. Id. at 349 (1).

(e) We find nothing in the record to support appellant's contention that trial counsel was so hostile to appellant as to prejudice his defense. Indeed, the record suggests that counsel proceeded with an effective defense of appellant even though appellant was reluctant to discuss his case with counsel. To establish that he received ineffective assistance of counsel, appellant must show both that counsel's performance was defective and also that the deficiency prejudiced the defense. *Powell*, supra at 510. Our review of the trial transcript reveals that counsel aggressively cross-examined the State's witnesses, presented alibi witnesses on appellant's behalf, interposed proper ob-

jections, and otherwise conducted the trial within the range of reasonable professional conduct. See generally id. at 510-512. Consequently, we affirm the judgment of the trial court.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991 —
RECONSIDERATION DENIED SEPTEMBER 26, 1991.

*Ronald C. Conner*, for appellant.
*Robert F. Mumford, District Attorney, Alan S. Clarke, Assistant District Attorney*, for appellee.