## A99A1243. JONES v. THE STATE.
(524 SE2d 773)

MILLER, Judge.

A Hall County jury convicted Benny Lee Jones of armed robbery, aggravated assault, and robbery by force. On appeal Jones asserts three enumerations of error: (1) the trial court erred in denying his request to dismiss the jury panel; (2) the trial court erred in admitting the hearsay statements of a witness; and (3) the trial court erred in refusing to declare a mistrial. We affirm.

1. Jones argues that the jury panel should have been dismissed after they were greeted at the door to the jury room by the Sheriff of Hall County. The Sheriff of Hall County has appointed himself as the "unofficial greeter" of citizens as they arrive at the courthouse to serve jury duty. He shakes their hands, asks how they are doing, and speaks with them regarding other pleasantries. Jones objected to the Sheriff's actions and moved to have the entire venire dismissed due to a constitutional violation of his right to a fair and impartial trial. Jones contends that the Sheriff's actions tainted the jury by influencing them to look favorably on law enforcement persons.

The standard of appellate review for issues regarding jury panel dismissal is whether the trial court abused its discretion.[1] *House v. State*[2] held that a jury was not tainted by a greeting from the Hall County Sheriff, which amounts to "pure politicking." Moreover, here the State examined the jurors with regards to the Sheriff's greeting and asked the jurors whether the greeting affected their ability to be fair and impartial jurors in the case. The panel responded negatively. The trial court did not abuse its discretion by refusing to dismiss the panel.

2. Jones contends that the trial court erred in admitting the out-of-court statements of a witness, to a police investigator, under the "necessity" exception to the hearsay rule. Testimony which otherwise is inadmissible hearsay may be admitted out of necessity.[3] To qualify as an exception to the hearsay rule, there must be a necessity for the exception and a guaranty of the testimony's trustworthiness.[4]

In order to satisfy the necessity prong, a party must show that the witness is unavailable to testify and that it made a good faith effort to locate the declarant and secure his presence at trial.[5] Additionally, the proponent of the evidence must show that the statement is relevant to a material fact and that the statement is more proba-

---

[1] *Nelson v. State*, 222 Ga. App. 443, 444 (2) (474 SE2d 304) (1996).

[2] 237 Ga. App. 504, 506 (2) (a) (515 SE2d 652) (1999).

[3] OCGA § 24-3-1 (b).

[4] *Higgs v. State*, 256 Ga. 606, 607 (3) (351 SE2d 448) (1987).

[5] *Holmes v. State*, 271 Ga. 138, 139 (2) (516 SE2d 61) (1999); see *Ohio v. Roberts*, 448 U. S. 56, 74 (IV) (A) (100 SC 2531, 65 LE2d 597) (1980).

tive on the material fact than other evidence that may be offered.[6]

Here the State learned, prior to the trial, that Santacruz was unavailable as a witness because he had left the country. The State moved to allow Investigator Dalton to testify regarding Santacruz's statements under the necessity exception to the hearsay rule.[7] Dalton testified that Santacruz stated that a man exited a pickup truck and assaulted him by pushing, kicking, and hitting him. Afterwards the man took his wallet, watch, medallion, money, and identification card. Santacruz later identified Jones from a photo lineup and stated that the items police recovered from Jones were his possessions.

The State showed that investigators were unable to locate Santacruz after diligent and extensive efforts. Moreover, Santacruz's family indicated that he had returned to Mexico. Thus, it is clear that Santacruz was unavailable to testify and that the State made a good faith effort to locate him.[8] The State also established that Santacruz's statements to Investigator Dalton were relevant to a material fact, the robbery by force. The most probative evidence available to the State was Santacruz's statement to Investigator Dalton.[9] Therefore, the trial court's finding admitting the hearsay statements as necessary was not error.

The trustworthiness of Santacruz's statements is demonstrated by the following: (a) Santacruz did not recant or change his statements to the investigator; (b) the statements were given in the course of an official investigation;[10] and (c) the statements were corroborated by Jones himself and co-defendant Jimmy Barton.[11] They testified that Jones hit Santacruz in the face and took his money and belongings. As such, Santacruz's statements were trustworthy and the trial court's admission of the statements under the necessity exception to the hearsay rule was not clearly erroneous.[12]

3. Jones contends that the trial judge erred in failing to grant a mistrial as a result of a conversation between a bailiff and a juror. During a break in the trial, Jones noticed that a bailiff and a juror were engaged in conversation. Jones reported the conversation to the court, and the judge examined the bailiff regarding the conversation. The bailiff denied discussing the case with the juror and stated that she and the juror discussed only the juror's herb shop. Jones moved

---

[6] *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998).

[7] OCGA § 24-3-1 (b).

[8] *Sorrow v. State*, 234 Ga. App. 357, 358 (1) (b) (505 SE2d 842) (1998).

[9] *Chapel*, supra, 270 Ga. at 155.

[10] *Adams v. State*, 191 Ga. App. 16, 18 (2) (381 SE2d 69) (1989) (unavailable witness statements can be used if not recanted, given in the course of an official investigation, and if corroborated).

[11] Id. at 18.

[12] *Sorrow*, supra, 234 Ga. App. at 358.

for a mistrial based on the contact between the bailiff and the juror. The trial judge postponed ruling on the request and stated that if desired counsel could discuss it further at a later time.

The record does not indicate that Jones renewed his motion for mistrial. In fact, the judge specifically asked if there was anything else the parties wished to discuss before the jury began deliberations, and Jones did not respond. Jones' failure to call the court's attention to the matter or to obtain a definite and final ruling on his motion for mistrial was a waiver of the motion and precludes review on appeal.[13]

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 8, 1999.

*Neil A. Smith*, for appellant.

*Lydia J. Sartain, District Attorney, Jason J. Deal, Assistant District Attorney*, for appellee.

---

[13] *Hamby v. State*, 243 Ga. 339, 341 (4) (253 SE2d 759) (1979).