## S00A0098. GAINES v. SIKES.
### (526 SE2d 558)

HUNSTEIN, Justice.

We granted Robert Gaines a certificate of probable cause to appeal the denial of his petition for habeas corpus. Because we agree with Gaines that the habeas court relied upon an incomplete analysis of the law when evaluating his claim of ineffective assistance of counsel and that the habeas court erred when it concluded that Gaines had failed to support his contention that a constitutionally-impermissible charge had been given at Gaines's trial, we reverse the habeas court's ruling.

Gaines was convicted of malice murder and armed robbery in March 1976; this Court affirmed his conviction and sentence. *Gaines v. State*, 239 Ga. 98 (236 SE2d 55) (1977). In April 1998, Gaines filed a petition for writ of habeas corpus alleging, inter alia, that the trial court erred by giving a constitutionally-impermissible jury charge on intent, in violation of *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), and that trial counsel was ineffective for failing to object to this jury charge error. The habeas court denied the petition, finding that Gaines had failed to introduce any evidence to support his contentions and that Gaines's attorney had rendered reasonably effective assistance "meeting the criteria set forth in the case of *Pitts v. Glass*, 231 Ga. 638 [(203 SE2d 515) (1974)]."

1. At the habeas hearing, the transcript from Gaines's trial was introduced into evidence. That transcript reveals that the trial court charged Gaines's jury as follows:

> I give you certain presumptions of law that are applicable to this case. A presumption is a conclusion which the law draws from given facts. Each of these presumptions are [sic] rebuttable, that is, they are subject to being overcome by evidence to the contrary, and they are:
> Every person is presumed to be of sound mind and discretion, but this presumption may be rebutted;
> The acts of a person of sound mind and discretion are presumed to be the product of that person's will. A person of sound mind and discretion is presumed to intend the natu-

ral and probable consequences of his acts, but these presumptions may be rebutted; . . .

In *Wilson v. Zant*, 249 Ga. 373, 380-381 (3) (290 SE2d 442) (1982), rev'd on other grounds, *Morgan v. State*, 267 Ga. 203 (2) (476 SE2d 747) (1996), we noted that in *Sandstrom*, supra,

the Supreme Court held that the charge, "the law presumes that a person intends the ordinary consequences of his voluntary acts," was unconstitutional because the jury may have interpreted the presumption as either mandatory (as opposed to permissive) or as shifting the burden of persuasion on the issue of intent to the defendant. Both of these interpretations violate the fourteenth amendment requirement that the state prove every element of a crime beyond a reasonable doubt. [Cit.]

Unlike the charge in *Wilson*, supra, which stated that " 'intent *may* be inferred . . . or it *may* be presumed,' " (emphasis in original), id. at 382, there was no similarly permissive language in the presumption charge Gaines challenged. Furthermore, although the trial court mentioned that the presumptions were rebuttable, the mandate to the jury to apply the presumptions was left in place. See *Bridges v. State*, 268 Ga. 700 (2) (f) (492 SE2d 877) (1997).

At the habeas hearing, the trial transcript was introduced into evidence. That transcript showed that the above charge was given and that defense counsel did not object to it specifically or reserve objections to the charge. Because the transcript substantiated the claim Gaines asserted in his petition regarding the giving of this charge and trial counsel's failure to raise it, the habeas court clearly erred in finding that Gaines failed to introduce evidence in support of his contention of error.

2. We hold that the habeas court erred when it evaluated Gaines's claim of ineffective assistance of counsel solely under the standard set forth in *Pitts v. Glass*, supra, 231 Ga. at 638, rather than the correct standard set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) and *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). Under the two-prong test in *Strickland* and adopted by this Court in *Smith*, a defendant must show both that his counsel's performance was deficient and that the deficiency prejudiced the defense. Id. at 783. While *Pitts v. Glass* sets forth the proper standard for consideration of the "deficient performance" first prong of *Strickland*, *Pitts v. Glass* does not address the "prejudice to the defense" second prong. Because of this incompleteness, *Pitts v. Glass* cannot constitute the sole appropriate authority

for courts called upon to resolve a claim of ineffective assistance of counsel. '

We recognize that because a defendant must establish both prongs to prevail on a claim of ineffective assistance of counsel, see *Zant v. Moon*, 264 Ga. 93, 97 (2) (440 SE2d 657) (1994), some courts decline to address both prongs when analyzing such claims because a contrary ruling on one prong is conclusive on the issue. See *Battles v. Chapman*, 269 Ga. 702, 705 (1) (a), n. 1 (506 SE2d 838) (1998). However, when this practice is combined with citations of authority to opinions rendered before *Strickland* which do not follow the requisite two-prong standard, it is not possible for the appellate courts to determine whether the lower court was applying the correct analysis to the ineffective assistance of counsel claim. While we approve of judicial economy, we must disapprove of a practice which renders a court's ruling so ambiguous that a reviewing court is unable to determine whether the proper legal analysis was applied.

Accordingly, we find that the habeas court erred by relying solely upon *Pitts v. Glass*, a case which sets forth an incomplete analysis to be applied to claims of ineffective assistance of counsel.

3. Therefore, because of the evidentiary and legal errors committed by the habeas court, we reverse the court's ruling and remand the case for the habeas court to apply the proper standard when evaluating Gaines's claim of ineffective assistance of trial counsel. *Strickland*, *Smith*, supra. Under that standard, the habeas court should thus consider whether Gaines has carried his burden of proving both that his counsel's performance was deficient when he failed to challenge the giving of the mandatory presumption charge and that the deficient performance prejudiced Gaines's defense, i.e., that the charge given by the trial court constituted harmful error under the analysis set forth in *Bridges*, supra, 268 Ga. at 706. A ruling adverse to Gaines on one prong may preempt a ruling on the other prong.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED FEBRUARY 28, 2000.

*Stephen D. Pereira,* for appellant.
*Thurbert E. Baker, Attorney General, James J. Phillips, Assistant Attorney General,* for appellee.