## S00A1526. FARRIER v. THE STATE.
(540 SE2d 596)

BENHAM, Chief Justice.

This appeal is from Kent Farrier's conviction for malice murder, unlawful possession of a firearm (sawed-off shotgun), and possession of a firearm by a first offender probationer.[1] Evidence adduced at trial established the following narrative as fact. After an argument between Farrier's friend Norton and McArthur's friend Castro was stopped by security guards, both groups left in cars. Norton overtook McArthur's vehicle, then slowed in front of him. When McArthur pulled even with Norton's car, Farrier extended a sawed-off shotgun from his window and shot McArthur in the head. Farrier later gave the shotgun to his uncle, from whom the police recovered it. Farrier was, at the time of the shooting, on first offender probation for theft by receiving.

1. The evidence recounted above was sufficient to authorize a rational trier of fact to find Farrier guilty beyond a reasonable doubt of the offenses for which he stands convicted. *Adams v. State*, 264 Ga. 71 (2) (440 SE2d 639) (1994); *Laney v. State*, 271 Ga. 194 (1) (515 SE2d 610) (1999); *Anderson v. State*, 237 Ga. App. 595 (3) (516 SE2d 315) (1999).

2. Farrier complains in three enumerations of error of the trial court's instructions to the jury. He contends that the instruction on possession of a firearm by a first offender probationer as a predicate to felony murder, a charge on constructive possession, and the jury charge as a whole misled the jury to his prejudice.

Whether there was error in the charge on possession of a firearm by a first offender probationer as a predicate offense of felony murder is a moot question since Farrier was convicted of malice murder (*Spencer v. State*, 268 Ga. 85 (4) (485 SE2d 477) (1997)) and was acquitted of the felony murder count predicated on the possession offense.

Because possession of the sawed-off shotgun was a necessary ele-

---

[1] The crimes were committed on August 22, 1998, and Farrier was indicted on January 7, 1999, for malice murder, three counts of felony murder, aggravated assault, unlawful possession of a firearm, and possession of a firearm by a first offender probationer, the last three offenses serving as the predicate offenses for the felony murder charges. A jury trial conducted on January 11-15, 1999, resulted in a verdict of guilty on all counts other than the felony murder count based on possession of a firearm by a first offender probationer. The trial court sentenced Farrier to life imprisonment for malice murder, treated the felony murder counts and the aggravated assault convictions as having merged with the malice murder conviction, and imposed a concurrent five-year sentence for the unlawful possession of a firearm count and a consecutive five-year sentence for possession of a firearm by a first offender probationer. Farrier's motion for new trial was filed on February 16, 1999, and was denied by an order filed on April 19, 2000. Following a notice of appeal filed May 17, 2000, the appeal was docketed in this Court on June 1, 2000, and was submitted for decision on the briefs.

ment of the unlawful possession count, charging the jury on both actual and constructive possession was appropriate. See *Waugh v. State*, 218 Ga. App. 301 (4) (460 SE2d 871) (1995).

Here, as in *Weems v. State*, 267 Ga. 182 (3) (476 SE2d 585) (1996), "a complete review of the trial court's charge shows that it was neither confusing nor misleading and that it provided full and fair instruction on the issues in the case."

3. Finally, Farrier complains that the trial court erred in denying his motion for new trial on the ground of ineffective assistance of counsel. To succeed on such a claim, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Gaines v. Sikes*, 272 Ga. 123 (2) (526 SE2d 558) (2000). Farrier's complaint that trial counsel failed to reserve objections to jury charges fails to meet the prejudice element of that standard because the trial court specifically noted on the record that all objections to the charge would be reserved. His complaint that trial counsel was ineffective for failing to seek severance of the charge of possession of a firearm by a first offender probationer fails to meet the deficient performance element of the standard because severance would not have been authorized since the possession charge was material to one of the felony murder charges. *Roundtree v. State*, 270 Ga. 504 (3) (511 SE2d 190) (1999). The trial court, therefore, did not err in denying Farrier's motion for new trial on the ground of ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2001.

*Elliott A. Shoenthal*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert E. Statham III, Kristin L. Wood, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.