## A01A2061. MARSH v. THE STATE.
### (562 SE2d 269)

RUFFIN, Judge.

A Hall County jury found Recondo Marsh guilty of armed robbery and aggravated assault. Marsh appeals his conviction, asserting that the trial court erred in denying his motion "to prevent unlawful contact" between prospective jurors and various state and county officials. Marsh also contends that the trial court erred in instructing the jury. We find no error and, thus, affirm.

Viewed in a light favorable to the jury's verdict, the record shows that, on March 17, 1996, Ausencio Villanueva was robbed at gunpoint by a foursome, which included Marsh, William Waller, Stacey Nix, and Jamie Bell. After the four relieved Villanueva of $300, his watch, two gold chains, and a beeper, Marsh shot him in the chest.

Marsh, Waller, Nix, and Bell were all charged with armed robbery, aggravated assault, and possessing a firearm during the commission of felonies. Waller pled guilty to armed robbery, and Bell pled guilty to robbery by force.[1] At Marsh's trial, Waller, Nix, and Bell testified against Marsh, and the jury found him guilty of armed robbery

---

[1] The record does not indicate whether Nix pled guilty to any offense.

and aggravated assault, but acquitted him of possessing a firearm during the commission of felonies.

1. Prior to trial, Marsh filed a "Motion to Prohibit Unlawful Contact with Prospective Jurors." Specifically, Marsh objected to the following three practices: (1) the sheriff greeting prospective jurors as they entered the jury assembly room; (2) the district attorney addressing the jury pool in the jury assembly room; and (3) the judge addressing the jury pool in the jury assembly room. According to Marsh, these practices undermined his right to a fair trial.

After Marsh requested that the jury panel be dismissed because of this "unlawful contact," the trial court examined the jurors to determine whether any pre-trial contact had occurred and, if so, whether it would undermine their ability to serve as fair and impartial jurors. No juror responded affirmatively, and the trial court did not dismiss the jury. On appeal, Marsh contends that the trial court abused its discretion in failing to dismiss the jury panel.

We do not condone the conduct of the sheriff and district attorney, which might predispose jurors to favor the State. Although we are not troubled by the conduct of the trial judge — who is presumed to be impartial — such conduct, in concert with that of the sheriff and district attorney, might be construed as presenting a united front. Despite these concerns, we nonetheless conclude that the trial court did not abuse its discretion in refusing to dismiss the jury panel.[2] Where, as here, the government officials do not say anything to jurors regarding a specific case, but only make general comments or questions, dismissal is not required.[3]

2. In two enumerations of error, Marsh contends that the trial court erred in instructing the jury. According to Marsh, the trial court erred in charging the jury on aggravated assault in a manner not alleged in the indictment. Marsh also argues that the trial court erred in failing to instruct the jury that it could find him "not guilty of all charges." We address each alleged error in turn.

(a) As this Court has recognized, "[i]t is reversible error to instruct the jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner."[4] Here, Marsh asserts that the trial court erred in charging the jury on two subsections of the simple assault statute, OCGA § 16-5-20, when the indictment alleged only one manner of aggravated assault. This assertion is meritless.

---

[2] See *House v. State*, 237 Ga. App. 504, 506-507 (2) (515 SE2d 652) (1999); *Jones v. State*, 240 Ga. App. 723 (1) (524 SE2d 773) (1999).

[3] Id.

[4] (Punctuation omitted.) *Lyman v. State*, 188 Ga. App. 790, 792 (2) (374 SE2d 563) (1988).

The indictment alleged that Marsh committed aggravated assault "with a .380 caliber handgun, a firearm and a deadly weapon and an object . . . which when used offensively against a person is likely to and actually did result in serious bodily injury." The judge instructed the jury on this offense using language found in OCGA § 16-5-21, which criminalizes aggravated assault. In addition to this instruction, the trial court also charged the jury on simple assault, which the court correctly defined as "an attempt to commit a violent injury . . . or an act which places another person in reasonable apprehension of immediately receiving a violent injury."[5]

Contrary to Marsh's contention, the "assault" charge did not present an improper basis on which jurors could convict him of aggravated assault. Rather, assault is a lesser included offense of aggravated assault.[6] And the trial court clearly stated that the additional jury charge was for "assault" rather than "aggravated assault." Not surprisingly, Marsh has not cited any authority for his novel proposition that a jury charge on assault — which would allow jurors to convict him of a misdemeanor rather than a felony — harmed him.[7] Under these circumstances, we find no error.

(b) Marsh contends that the trial court erred in failing to clarify for jurors that they could find him not guilty of all three charges against him. He cites *Garrett v. State*[8] for the proposition that he was entitled to a jury charge that gave all of the verdict choices. We find no error.

Initially, we note that the jury acquitted Marsh of the third charge — possession of a firearm during the commission of felonies. Such acquittal undermines Marsh's argument that the jury was somehow confused as to their verdict choices.[9] Moreover, we note that the trial court fully informed the jury regarding their choices. The trial court read each count of the indictment separately and explained that jurors were free to "find the defendant not guilty of count 1 or count 2 or count 3 or any combination of those which you find to be proper." Under these circumstances, the charge adequately informed the jury of their choices, and we find no error.[10]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[5] See OCGA § 16-5-20 (a) (defining simple assault).

[6] See *Cordis v. State*, 236 Ga. App. 629, 630 (1) (513 SE2d 45) (1999) ("simple assault is necessarily a lesser included offense of aggravated assault").

[7] Compare OCGA § 16-5-20 (b) (as a general rule, "a person who commits the offense of simple assault shall be guilty of a misdemeanor") with OCGA § 16-5-21 (b) ("a person convicted of the offense of aggravated assault shall be punished by imprisonment for not less than one nor more than 20 years").

[8] 184 Ga. App. 593, 595 (5) (362 SE2d 150) (1987).

[9] See *Smith v. State*, 251 Ga. App. 452, 454 (2) (554 SE2d 596) (2001) (this Court will not simply presume that the jury was confused).

[10] See *Sweat v. State*, 203 Ga. App. 290, 292 (5) (416 SE2d 845) (1992).

DECIDED MARCH 20, 2002.

*H. Bradford Morris, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney*, for appellee.