## A02A1098. BARRETT v. THE STATE.
(571 SE2d 202)

MILLER, Judge.

Johnny Ray Barrett appeals from his conviction for armed robbery, contending that (1) the trial court erred by admitting at trial alleged hearsay statements from the deceased victim, (2) the evidence was insufficient to sustain the conviction, (3) his trial counsel was ineffective, and (4) the trial court erred by refusing to authorize the release of the victim's medical and pharmacy records. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that the victim's neighbor saw a blue car with the keys in the ignition parked on the neighbor's property. Being suspicious of the vehicle, the neighbor wrote down the vehicle's tag number.

When the neighbor left his house a short time later, he saw the victim standing outside, who told the neighbor that someone wearing a mask had just robbed him. Since the victim's phone line had been cut, the neighbor's wife called the police from another phone.

When a police officer arrived six minutes later, the victim told the officer that a man wearing a mask and holding a black handgun had robbed him, taking his car keys, wallet, money, and his and his wife's prescription pill bottles. Another investigator arrived approximately 15 minutes after the robbery call, and the victim then gave a recorded statement to police in which he gave a description of the robber and indicated that the robber had stolen his prescription pill bottles and approximately $1,700 in cash. Based on the tag number and description of the car spotted earlier by the neighbor, the police were able to broadcast information about the vehicle to other officers in the area.

Shortly after the police had spoken with the victim, an officer spotted the blue car less than five miles away from the victim's home. Barrett was driving the car, and the police searched him, finding a prescription pill bottle in his pocket bearing the victim's wife's name. The police also found a loaded handgun in the car, $1,056 in Barrett's wallet, and later found two more prescription pill bottles in the trunk of the car (one bearing the victim's name).

The victim died prior to trial, and at trial the State introduced the victim's initial spoken statements to the neighbor and to the police, as well as the victim's recorded statement to the police. Prior to trial, defense counsel had moved to exclude these statements, but the motion was denied. At trial Barrett admitted that he had been at the victim's house on the day of the alleged robbery, but testified that he was not the one who robbed the victim and was only at the victim's home because the victim was a drug dealer who owed him some money. The jury found Barrett guilty of armed robbery.

Barrett moved for a new trial and attempted to obtain the victim's medical and pharmacy records to bolster his claim that his trial counsel was ineffective, specifically for failing to connect the victim's prescription drug use to his defense theory that no robbery actually took place, but only a drug deal. The court denied Barrett's request for the medical and pharmacy records and further denied the motion for new trial. Barrett now appeals.

1. Barrett contends that the trial court erred in admitting hearsay evidence of (i) the victim's statement to the neighbor that he had just been robbed, (ii) the victim's initial statement to the first police officer about the robbery, and (iii) the victim's recorded statement given to the investigating officer on the day of the robbery. Since all of these statements fall under exceptions to the hearsay rule, we disagree with Barrett and uphold the trial court's ruling.

"Hearsay evidence is admitted only in specified cases from necessity." OCGA § 24-3-1 (b). Additionally, "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3.

The victim's initial statements to the neighbor and the first officer were properly admitted as part of the res gestae. The victim spoke to the neighbor and police officer immediately after he had been robbed, and there was no evidence that his statements were made as a result of any afterthought. The statements resulted from the robbery that had just occurred and were properly admitted. See, e.g., *Park v. State*, 230 Ga. App. 274, 280 (5) (495 SE2d 886) (1998).

Further, the recorded statement given to the police on the day of the robbery was properly admitted under the necessity exception to the hearsay rule. Evidence may be admitted under the necessity exception where three requirements are met: (1) the declarant is unavailable to testify, (2) the statement is relevant to a material fact and more probative on that material fact than other evidence that may be offered, and (3) the statement is surrounded by particularized guarantees of trustworthiness. *Jones v. State*, 240 Ga. App. 723-724 (2) (524 SE2d 773) (1999).

Here, the declarant was deceased and therefore unavailable, and the statement that he provided prior to his death was the most probative evidence on the crime at issue. See *Clark v. State*, 271 Ga. 6, 10 (5) (515 SE2d 155) (1999). Moreover, the statement given to the police was never recanted, was given in the course of an official police investigation, and was even corroborated by Barrett's own admission that he had been at the victim's home earlier in the day to retrieve money and drugs from the victim. The trial court did not abuse its discretion by admitting the victim's recorded statement to the police

under the necessity exception to the hearsay rule. See *Jones, supra,* 240 Ga. App. at 724 (2).

2. Barrett argues that the evidence was insufficient to sustain his conviction for armed robbery. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a).

Here, the victim testified that he had been robbed at gunpoint. Barrett was at the victim's home on the day of the robbery, had a loaded handgun, and was in possession of several of the victim's belongings when he was stopped by the police shortly after the robbery. Even though Barrett claimed that he was in possession of the victim's items because the victim owed him money, the jury was free to believe or disbelieve this testimony as they saw fit. The evidence was sufficient for the jury to find Barrett guilty of armed robbery.

3. Barrett cites a litany of reasons that he claims indicate that his trial counsel was ineffective. These numerous allegations, all of which are ultimately without merit, fall under three broad categories: (a) strategic decisions of counsel, (b) actions of counsel that resulted in no prejudice to Barrett, and (c) allegations of ineffectiveness that are unsupported by the record.

To prove ineffective assistance, Barrett was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State,* 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State,* 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Barrett did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) *Strategic Decisions of Counsel.* Barrett contends that his trial counsel was ineffective for failing to (i) file a motion to challenge Barrett's arrest or file additional discovery motions, (ii) interview and call additional witnesses to support Barrett's defense theory, and (iii) interview the victim prior to his death. The record reveals that all of

these decisions of counsel were strategic and fell within the wide range of professional representation. See *Sleeth v. State*, 201 Ga. App. 324, 326 (a) (411 SE2d 79) (1991) ("The decisions on which witnesses to call, whether and how to conduct cross-examinations, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.") (citation and punctuation omitted). Since evidence supported a finding that counsel's actions were strategic, the trial court properly concluded that Barrett failed to show ineffectiveness here.

(b) *Actions of Counsel That Resulted in No Prejudice.* Barrett argues that his trial counsel was ineffective for failing to (i) file for bond for Barrett, (ii) seek a limine ruling on the victim's hearsay statements until after the jury was impaneled, (iii) interview police officers and other State's witnesses prior to trial, (iv) meet with Barrett in a timely manner or for sufficient time prior to trial, (v) obtain Barrett's psychiatric records, (vi) know, prior to trial, all of the hearsay evidence that the State intended to present at trial, (vii) adequately prepare Barrett for his testimony, and (viii) preserve the right to close by making the decision to introduce a piece of documentary evidence at trial. Barrett has failed to show, however, how any issue relating to the posting of his bond, obtaining his own psychiatric records, the timing of the denial of his motion to exclude the victim's alleged hearsay statements, or the order of closing arguments bore any relation to his theory of defense or the outcome at trial. In addition, Barrett's counsel testified that he already had statements from the police officers and the file of the district attorney, so interviewing the witnesses was unnecessary. Barrett's counsel also corresponded with Barrett on several occasions and met with him prior to trial and testified that the presentation of Barrett's testimony was very straightforward and understood clearly by both counsel and Barrett. Further, Barrett has not shown how any alleged deficiency in his counsel's knowledge of what evidence would be presented at trial somehow affected his defense at trial, especially since his trial counsel moved to exclude the evidence. Since evidence supported a finding that all of counsel's actions here resulted in no prejudice to Barrett, the trial court did not clearly err in concluding that Barrett failed to show ineffectiveness of his trial counsel. See, e.g., *Farrier v. State*, 273 Ga. 302, 303 (3) (540 SE2d 596) (2001).

(c) *Allegations Unsupported by the Record.* Barrett urges that his trial counsel was ineffective for failing to ensure that Barrett could make an informed decision regarding any potential plea bargain. However, counsel testified that he fully informed Barrett of the possibility that his motion to exclude the victim's hearsay statements could be denied and discussed with Barrett the decision to seek a plea bargain, plead guilty, or proceed with trial. Since the evidence of

record belies Barrett's assertions of ineffectiveness, the trial court did not err in concluding that counsel was effective. See, e.g., *Daniel v. State*, 228 Ga. App. 634, 636 (492 SE2d 542) (1997) (allegations unsupported by the record do not amount to ineffective assistance).

4. Barrett argues that the trial court erred in denying his request to obtain the victim's medical and pharmacy records, as he alleges that such records would have bolstered his claim that his trial counsel was ineffective. However, Barrett has failed to show how these records relating to the treatment of the victim's medical condition bore any relation to his defense theory that the victim was a drug dealer. In addition, Barrett has not presented evidence that on the day of the robbery the victim was under the influence of any medications that could have affected his judgment when he gave his statement to the police. Moreover, Barrett's counsel testified that the decision not to obtain the records was strategic, as the information contained in the records could have undermined the defense theory that the victim had more drugs than one would normally have for personal use. This strategic decision of counsel counters the inference that counsel was somehow ineffective for failing to obtain the victim's medical and pharmacy records. See *Sleeth*, supra, 201 Ga. App. at 326 (a). We discern no error from the trial court's denial of Barrett's request for these records.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 18, 2002 — 

*Harold M. Walker, Jr.*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.