S05A0933. YAT v. THE STATE.
(619 SE2d 637)

HUNSTEIN, Presiding Justice.

Rheakdsy Mike Yat was convicted of felony murder and possession of a firearm during the commission of a felony arising out of the

shooting death of Hieu Tran.[1] Because we find the evidence was sufficient to support his convictions and no merit in the remaining errors, we affirm.

Evidence adduced at trial established that appellant is a member of a gang called "Asian Gangster Crips" ("AGC"). On January 9, 2000, as co-indictee Vandara Ros dined at a Gwinnett County restaurant, he spotted members of a rival gang, the "Insane Gangster Pirates" ("IGP"), who were also at the restaurant. The victim, Hieu Tran, was a college student not affiliated with either gang but he was in the restaurant with his two brothers, who were with IGP. Ros telephoned other AGC members and instructed them to get their guns and come to the restaurant. Appellant and co-indictee Albert Kim Tran (no relation to the victim) were among the three carloads of AGC members who responded. Appellant, Ros, Tran and the other AGC gang members ambushed the victim and the IGP members as they were leaving the restaurant. Ros, knocked to the ground by the victim, fired a .9 millimeter handgun twice without hitting anyone before fleeing the scene. After Tran's attack with a miniature baseball bat left the victim sprawled on the sidewalk, appellant shot the victim twice in the back with a .38 caliber pistol he had earlier helped to hide in a dumpster behind the restaurant. Two witnesses from the AGC gang testified they saw appellant actually firing the gun, although they could not see the victim. Later that evening appellant admitted to another gang member that he shot the victim twice, claiming he did so in the chest rather than in the back. The .38 pistol was later recovered by police from appellant's backyard and expert testimony established that it fired the shots that inflicted the victim's fatal injuries.[2]

1. Appellant contends that the trial court erred by failing to grant his motion for a directed verdict because the biased testimony of other gang members and the weak circumstantial evidence were insufficient to warrant a conviction for felony murder. However, the credibility of the witnesses was a determination to be made by the jury, including whether the deals made by other gang members with the

---

[1] The crimes occurred January 9, 2000. Yat was indicted with Vandara Ros and Albert Kim Tran on March 31, 2000 in Gwinnett County on charges of malice murder, felony murder and possession of a firearm during commission of a felony. Yat was found guilty of felony murder and the possession charge on June 22, 2001 and was sentenced June 25, 2001 to life imprisonment with a consecutive five-year probated sentence for the firearm possession charge. Yat's motion for new trial, filed July 13, 2001, was denied October 13, 2004. His notice of appeal was filed November 12, 2004. His appeal, docketed in this Court on February 23, 2005, was submitted for decision on the briefs.

[2] Ros and Tran were tried together. Ros was convicted of malice murder; Tran was convicted of felony murder. Both men were convicted of possession of a firearm during the commission of a felony. This Court affirmed those convictions in *Ros v. State*, 279 Ga. 604 (619 SE2d 644) (2005).

State rendered their testimony biased to a degree that left them less creditworthy. See generally *Brown v. State*, 277 Ga. 53 (1) (586 SE2d 323) (2003); *State v. Vogleson*, 275 Ga. 637 (1) (571 SE2d 752) (2002). The evidence adduced was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of felony murder and the firearm possession charge. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying appellant's motion for a directed verdict. *Dorsey v. State*, 279 Ga. 534, 542 (3) (615 SE2d 512) (2005) (standard for reviewing denial of motion for directed verdict of acquittal is same test used for sufficiency of the evidence, i.e., *Jackson v. Virginia*, supra).

2. Given the connection established by the State between appellant's affiliation with AGC and the shooting of the victim, we find no error in the trial court's admission of evidence of appellant's involvement in a gang. *Mallory v. State*, 271 Ga. 150 (6) (517 SE2d 780) (1999).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Lawrence Lewis*, for appellant.

*Daniel J. Porter, District Attorney, Thomas N. Davis, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.