## A09A1764. COLLIER v. THE STATE.
### (692 SE2d 697)

DOYLE, Judge.

A Forsyth County jury found Marcus William Collier guilty of armed robbery,[1] aggravated assault,[2] entering an automobile,[3] and two counts of fleeing or attempting to elude a law enforcement officer.[4] He filed a motion for new trial thereafter, which the trial

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-21 (a).

[3] OCGA § 16-8-18.

[4] OCGA § 40-6-395 (a).

court denied. Collier appeals, arguing that the trial court erred by denying his motion for new trial based on his claim that he was denied effective assistance of counsel. We affirm, for reasons that follow.

Viewed in favor of the verdict,[5] the evidence shows that Dean Farber worked as the manager of a paint store in August 2005; his job duties included making regular cash deposits at a local bank. On August 3, 2005, Farber went to the bank to cash a personal check; he did not have a cash deposit for the paint store at the time. He parked, and immediately after he got out of his car, a black Dodge Magnum with dark windows pulled up behind Farber's vehicle, blocking him in. A man jumped out of the Dodge, with his hand under his shirt, "present[ing] it like it was a weapon," and repeatedly demanded that Farber give him "[his] bag." When Farber told him that he did not have a bag, the man began searching Farber's car, while Farber yelled for help. The man then jumped into the Dodge and drove away.

Allison Laney Morris was using the drive-through automated teller machine ("ATM") at the bank at the time of the incident. When Morris heard Farber repeatedly scream, she left the ATM, drove around to the front of the bank, stopped, and sounded her horn. Morris did not see the assailant, but she did observe the Dodge leave the bank parking lot "erratically, like someone was in a hurry." She tried to get the license plate number, but it appeared "blank." Morris then called 911.

The police dispatcher issued a BOLO ("be on the lookout") call for a black Dodge Magnum with a black male driver. An officer in a patrol vehicle observed Collier, a black male, driving a black Dodge Magnum with the license plate obscured by a blank white piece of paper, and the officer began pursuit. The officer followed the vehicle onto Highway 400, at one point driving over 120 miles per hour in order to keep up with the Dodge, which was weaving in and out of driving lanes and the emergency lanes. At one point, one of the officers saw Collier throw a hat and a shirt out of the vehicle. Collier eventually stopped the Dodge in the median of the highway after smoke billowed from the car and sparks and pieces of tire rim flew up from the wheels. The officers took Collier, who was not wearing a shirt, into custody at the scene, and they transported him back to the bank, where Farber identified him as his assailant.[6] The police did not recover a gun from Collier's vehicle.

1. Collier argues that the trial court applied an improper standard regarding his ineffective assistance of counsel claims. This

---

[5] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[6] Farber also identified Collier at trial.

assertion is belied by the record.

To establish ineffective assistance of counsel under *Strickland v. Washington*,[7] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) " 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "[8] "In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[9]

Here, the trial court specifically stated the proper standard, quoting the *Strickland* language. Thus, this enumeration is without merit.

2. Collier enumerates that trial counsel was ineffective by failing to request a jury instruction defining the term "offensive weapon" as an element of the offense of armed robbery.[10] We disagree.

The trial court instructed the jury as follows:

> [A] person commits armed robbery when[,] with the attempt to commit theft[,] that person takes property of another from the person or the immediate presence of another by use of any article or device[ ] having the appearance of an offensive weapon. . . . If you find present in the case before you, all the elements of armed robbery, but you do not find that an offensive weapon or thing having the appearance of such a weapon was used, but that a taking was accomplished by the accused, putting the alleged victim under such fear as would create in the mind of the victim an apprehension of danger to life or limb. And if you find beyond a reasonable doubt and you do so find beyond a reasonable doubt [sic] then you would be authorized to find the Defendant guilty of robbery by intimidation.

---

[7] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009).

[9] (Citation and punctuation omitted.) *Lupoe v. State*, 284 Ga. 576, 578 (3) (669 SE2d 133) (2008).

[10] As part of his argument that counsel was ineffective by failing to request a jury charge defining "offensive weapon," Collier argues that trial counsel failed to provide him with adequate advice regarding his defense to the charges. It is well settled, however, that " 'an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors.' " *Scott v. State*, 302 Ga. App. 111, 112-113 (1) (b) (690 SE2d 242) (2010). Moreover, we are "precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors." *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). Thus, because Collier failed to enumerate his argument regarding inadequate advice by trial counsel, it is not properly before this Court, and we will not address it.

Collier is correct that trial counsel did not request (nor the did the trial court give) a charge on the definition of an offensive weapon. However,

[t]he charge given advised the jury of the applicable law, and the trial court is not required to instruct on the meaning of all words used in the charge, particularly words of common understanding. Further, the jury was not required to find the actual presence of an offensive weapon as long as they were convinced beyond a reasonable doubt that defendant employed a replica having the appearance of an offensive weapon so as to create a reasonable apprehension on the part of the victim that it was an offensive weapon.[11]

Thus, we find no error in the trial court's charge to the jury.[12] Accordingly, trial counsel's failure to request a charge on the definition of "offensive weapon" did not constitute ineffective assistance of counsel.[13]

3. Collier further contends that trial counsel was ineffective by failing to object to testimony from a police detective regarding statements made to him by Farber and Morris immediately after the incident, contending that the testimony constituted inadmissible hearsay and improper bolstering. We disagree.

Farber's and Morris's statements to the detective were admissible as res gestae. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae."[14] The detective, who responded to the bank in response to a dispatch call for an armed robbery in progress, arrived at the scene less than seven minutes after the dispatch call and spoke to Farber and Morris. There is no evidence that either witness's statements were made as a result of any afterthought. Thus, the statements were admissible as res gestae.[15]

Further, "[t]he decision of whether to interpose certain objections is a matter of trial strategy and tactics. Errors in judgment and tactical errors do not constitute denial of effective assistance of

---

[11] (Citation omitted.) *Smith v. State*, 209 Ga. App. 540, 543-544 (5) (433 SE2d 694) (1993). See also *Prins v. State*, 246 Ga. App. 585, 588 (2) (539 SE2d 236) (2000), disapproved on other grounds, *Miller*, 285 Ga. at 287, n. 1 (jury instructions sufficient even where trial court failed to define "offensive weapon" in connection with armed robbery charge).

[12] See *Prins*, 246 Ga. App. at 588 (2); *Smith*, 209 Ga. App. at 543-544 (5).

[13] See *Bell v. State*, 226 Ga. App. 271, 274 (7) (b) (486 SE2d 422) (1997).

[14] OCGA § 24-3-3.

[15] See *Barrett v. State*, 257 Ga. App. 444, 445 (1) (571 SE2d 202) (2002); *Park v. State*, 230 Ga. App. 274, 280 (5) (495 SE2d 886) (1998).

counsel."[16] Here, when asked why they failed to object to the detective's testimony, trial counsel testified at the motion for new trial hearing that they made strategic decisions regarding whether to make objections, explaining that "[o]ur strategy was not to be objecting to everything . . ." and that instead, they addressed the testimony during cross-examination. "Such trial tactics and strategy do not amount to ineffective assistance of counsel."[17]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 23, 2010.

*Randolph Frails*, for appellant.
*Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.

---

[16] (Citation and punctuation omitted.) *Abernathy v. State*, 299 Ga. App. 897, 903 (4) (a) (685 SE2d 734) (2009).

[17] Id. at 903-904 (4) (a).

