## A90A1440. LUCAS v. THE STATE.
### (398 SE2d 417)

POPE, Judge.

Defendant Frederick Douglas Lucas was convicted by a jury of the offenses of armed robbery, aggravated assault (two counts) and burglary.[1] We affirm.

1. Defendant first contends that the trial court impermissibly commented on the evidence adduced at trial. The record shows that the complained of remarks occurred in response to a question posed by one of the jurors concerning whether pauses in a tape recording of the preliminary hearing, which was introduced by defendant at trial, indicated that the tape had been edited. The record shows, however, that the defendant did not indicate he found the court's response objectionable, nor did he move for a mistrial on the basis of the court's comments. "Where the trial judge is alleged to have made a prejudicial remark . . . during the course of the trial in violation of [OCGA § 17-8-57], an objection or motion for mistrial must be made in order to preserve the issue for appeal. [Cits.] Although the [defendant] made no such objection or motion in this case, we have nevertheless examined the judge's comments and have determined that they were not prejudicial." *Thomas v. State,* 158 Ga. App. 97, 98 (2) (279 SE2d 335) (1981). See also *Ford v. State,* 255 Ga. 81 (2) (335 SE2d 567) (1985); *McCounly v. State,* 191 Ga. App. 266, 268 (3) (381 SE2d 552) (1989); *Hightower v. State,* 189 Ga. App. 553 (1) (376 SE2d 717) (1988).

2. Defendant next contends that the armed robbery offense

---

[1] Defendant's original appeal was docketed in this court as Case No. A89A0432. However, on February 10, 1989, this court entered an order granting defendant's (former) appellate counsel's request to withdraw said appeal. Following a hearing, the trial court determined that said appeal may have been withdrawn without the knowing and intelligent acquiescence of defendant, and appointed him new appellate counsel to file this out-of-time appeal.

(count one of the indictment) and aggravated assault offense (count two of the indictment) merged as a matter of fact and thus the trial court erred in sentencing him on both offenses. We disagree. Count one of the indictment charged that defendant, "with [the] intent to commit theft, did take from the person and immediate presence of Forrest Plott, . . . money, the property of Forrest Plott, and of the value of $10.00, by use of a handgun, the same being an offensive weapon." Count two of the indictment charged that defendant "did make an assault upon the person of Forrest Plott, by committing an act which placed said person in reasonable apprehension of immediately receiving a violent injury, with the intent to rob said person." At trial Forrest Plott testified he was in the process of getting out of bed to try and calm his barking dog when defendant entered his bedroom and shoved him back onto his bed. Defendant threatened him with a gun and demanded his money. Plott directed defendant to the money in his pants pocket. Defendant removed $10 from Plott's wallet and threw the wallet on the bed. The defendant again demanded money from Plott and again threatened to kill him. Plott told the defendant he had no more money; the defendant "wrestled" with Plott, "jerked" him around and pushed him back onto the bed before finally leaving his bedroom.

Under these facts, we find that defendant's convictions and sentences for both offenses should stand. The armed robbery was completed when, after placing his gun against Plott's throat and threatening to kill him, the defendant took Plott's money. However, following the completion of this offense the defendant again threatened Plott, and again demanded his money, as charged in count two of the indictment. This constituted a separate offense and the trial court did not err in sentencing defendant accordingly. See *Johnson v. State*, 190 Ga. App. 172 (378 SE2d 700) (1989); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981). Consequently, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 22, 1990.

*John D. McCord III*, for appellant.
*Robert E. Wilson, District Attorney, Robert M. Coker, Fran Shoenthal, Assistant District Attorneys*, for appellee.