## A99A0458. HOUSE v. THE STATE.
(515 SE2d 652)

ELDRIDGE, Judge.

In a bifurcated trial, a Hall County jury found Louis Lane House guilty of armed robbery and possession of a firearm by a convicted felon. He appeals the convictions and we affirm.

In a light most favorable to the verdict,[1] the evidence shows that appellant House and co-defendant Terry Lee Gibbs determined that they needed to steal a pickup truck; they made plans to do so. House gave Gibbs a handgun and dropped him off in a specific residential area in Lula where Gibbs earlier had noticed a red pickup truck that met their needs. House then made arrangements to either meet Gibbs with the stolen vehicle at a nearby convenience store, or to return to the residential area in 30 minutes in order to retrieve Gibbs, having concluded that the robbery plan was aborted.

After locating the red pickup truck parked at the previously identified residence, Gibbs approached the house and knocked on the door. A woman answered. Gibbs gained entry into the home by asking to see a telephone book in order to call someone about "car trouble." Once inside, Gibbs demanded the key to the vehicle. The woman called for her son, who in turn called for his father "to come here, please." Gibbs, gun in hand, demanded the key from the father, and he gave it to Gibbs.

Thereafter, the father, a 28-year veteran law enforcement officer, persuaded Gibbs to put the gun down on the kitchen table. The father then called 911. The police arrived. Gibbs told the officers of the plan to steal the red pickup truck. He gave the officers House's name, location, and what type of vehicle he would be in; he also identified the number and types of weapons that would be found in House's possession. House was subsequently arrested at the Circle K convenience store on Highway 365 in Lula, driving the type of vehicle identified by Gibbs, and in possession of a Smith & Wesson .41 caliber pistol, a Mossberg 12 gauge shotgun, and a 9mm Luger Tech 9 submachine gun. Two of the weapons were fully loaded. At trial, House's prior felony convictions for habitual violator, financial transaction card theft, and theft by taking were introduced against him. *Held*:

1. House contends that the evidence corroborating the testimony of co-defendant Gibbs was insufficient to support his conviction. We disagree.

In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. The corroborating evidence may be circumstantial.

(Citations and punctuation omitted.) *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997).

Here, the evidence showed that co-defendant Gibbs was without a vehicle of his own in order to reach the robbery locale, thereby raising the inference that he was aided in reaching the victim's residence. Further, Gibbs was in possession of 9mm ammunition that did not fit the weapon he was carrying, thereby creating an inference that a 9mm weapon was available to Gibbs. Subsequently, House's presence at the convenience store identified by Gibbs, at the specific time identified by Gibbs, in the type of vehicle identified by Gibbs, with the array of loaded weaponry — including a 9mm weapon — identified by Gibbs is sufficient to corroborate Gibbs' testimony regarding House's participation as a party to the crime of armed robbery. OCGA § 16-2-20 (b) (3), (4). "The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient." (Citation omitted.) *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996).

Accordingly, based upon a review of the evidence, we find that a rational trier of fact could have found House guilty beyond a reasonable doubt of being a party to the crime of armed robbery and of possession of a firearm by a convicted felon. *Jackson v. Virginia*, supra.

2. For the last 25 years, on civil and criminal trial days, it has been the practice of the Hall County Sheriff to, as House puts it, act as the "unofficial greeter of Hall County citizens" as they enter the courthouse for jury duty, "shak[ing] their hands, ask[ing] them how they are doing, and speak[ing] with them about other minor pleasantries." Then, the presiding judge of the Hall County Superior Court speaks to the venire, because "we want to make the jurors comfortable and if they see a judge and hear that judges are just human beings and nice people then they'll be more comfortable through the process." And finally the Hall County District Attorney asks the following qualifying questions of the venire: "whether or not you were over eighteen, whether or not you were presently a resident of the county, [and] whether or not you had served on a grand jury or petit

jury within the last term of court."

In this case, based upon the above practices, House moved to have the venire dismissed due to an alleged constitutional violation of his right to a fair and impartial trial. House contends that (a) the greeting of the Hall County Sheriff allegedly "tainted" the venire in that the jurors may have been influenced to look more favorably upon law enforcement, and (b) the comments of the district attorney and the presiding judge were made outside the presence of the defendant in violation of his constitutional right to be present during all stages of the proceedings against him. The trial court denied the motion, and House claims this ruling as reversible error. We do not agree.

> The rule is well established in this state, that a defendant on trial must be present when the court takes any action materially affecting his case. This right is guaranteed to the accused by the fundamental law of this State, in order that he and his counsel may see to it that he has a fair and impartial trial and that nothing is done that would in any wise tend to his prejudice. . . . There should be no communication which would tend in any manner to prejudice the accused (for instance, to hasten a verdict against him, or to induce jurors who might be for him to yield their convictions); and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial.

(Citations and punctuation omitted.) *Collins v. State*, 191 Ga. App. 289, 290 (381 SE2d 430) (1989).

(a) Contrary to House's assertions, we do not find that the Hall County Sheriff's attempts to have prospective jurors, i.e., voters, look favorably upon *him*, means that the same jurors will look unfavorably upon House. The sheriff was neither a witness, nor did he act as bailiff during the trial of this case. The record shows that the Sheriff's greeting was brief, personal, and referenced no case or legal matter. The jurors to whom the sheriff spoke were *prospective* only and had not been empaneled in this or any other case. In fact, House concedes that the sheriff's traditional courthouse greeting is in the nature of "pure politicking." Accordingly, "the character of the communication clearly shows that it could not have been prejudicial to the accused" upon the trial of his case. *Collins v. State*, supra at 290.[2]

---

[2] Notably, when the instant jury panel was selected from the venire and seated for voir dire purposes, House's attorney specifically asked the members whether the Sheriff's greet-

(b) We find wholly without merit the contention that the Hall County presiding judge's welcoming address to the venire violated House's constitutional right to a fair and impartial trial because House was not present for such address. Standing alone, a trial judge represents neither party in the eyes of prospective jurors, and the comments about which House complains referenced neither House nor his case. Accordingly, the presiding judge's brief address to the venire in order to demonstrate the "human" side of the judiciary and the judicial process did not impact on House's constitutional right to be present during "any action which materially affects his case." *Collins v. State*, supra.

(c) With regard to the district attorney's general qualifying questions asked outside the presence of the defendant, "[w]e do not condone this practice. All voir dire should take place in the courtroom in the presence of all parties. However, in view of the limited scope of the [D.A.'s] questions, we find no error." (Citation and punctuation omitted.) *Robertson v. State*, 268 Ga. 772, 774 (493 SE2d 697) (1997).

Moreover, fundamentally, the entry of individuals summonsed for jury duty and the preliminary qualifying questions by the district attorney to the venire was neither a trial nor a pre-trial procedure involving any specific defendant. See *Collins v. State*, supra. Notably, issue had not been joined in House's case.

3. House claims a *Bruton*[3] violation in the admission of co-defendant Gibbs' statements to the police. This contention is meritless as Gibbs testified at trial and was subject to cross-examination. "Normally, the confession of a co-defendant cannot be admitted against another defendant at a joint trial. *Bruton v. United States*, [supra]; OCGA § 24-3-52. However, the rule applies only where the co-defendant does not testify and is not available for cross-examination." (Citation and punctuation omitted.) *In the Interest of J. B.*, 223 Ga. App. 429 (477 SE2d 874) (1996).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 6, 1999.

*Neil A. Smith*, for appellant.

*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.

---

ing would have any effect whatsoever upon their deliberations. To a man and woman, the answer was no.

[3] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).