## A00A2067. BAILEY v. THE STATE.
### (545 SE2d 659)

RUFFIN, Judge.

Darian Bailey was convicted of possession of cocaine with intent to distribute. On appeal, he argues that the trial court should have suppressed his confession because it was not voluntary. As the trial court did not clearly err in admitting the confession or ruling the confession was voluntary, we affirm.

At a *Jackson-Denno*[1] hearing prior to trial, Investigator Joey Mickle of the LaGrange Police Department testified that he and another officer arrested Bailey, took him to the police department, and read him his *Miranda*[2] rights. Bailey signed a form indicating that he understood his rights, that he did not want a lawyer, and that he was "willing to make a statement and answer questions." The form also stated, "No promises or threats have been made to me, and no pressure or coercion of any kind has been used against me." Bailey then gave the police a statement, which Mickle reduced to writing. The statement was as follows:

> On June 20 1991 at about 0129 hours I observed a marked patrol car behind me. I got scared and jumped out and ran. I was arrested after I hide [sic] in the bushes. The "crack" cocaine in the vehicle was mine and I planned to sell it. I have agreed to work in return for [leniency] in return for helping [the Special Investigation Unit].

---

[1] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Mickle testified unequivocally that he never promised Bailey anything in return for his statement. As for the last sentence in the statement, Mickle explained that Bailey "displayed an interest in taking other drug dealers off the street, so that was incorporated in his statement as well." Mickle elaborated that he told Bailey that, if, in the future, "he assisted [the Special Investigation Unit] in doing other drug investigations[,]" then after he provided that assistance, Mickle would notify the district attorney's office which "can judge and interpret it to their effect and then make the sentence and recommendations." Mickle further stated that he never told Bailey "that I could get his sentence cut down or I could give him a sentence, because I don't have those powers." Finally, Mickle stated that, as of the time Bailey made the statement, he had not provided any assistance to the Special Investigation Unit.

Bailey disputed Mickle's interpretation of the statement. He testified that Mickle told him "that he would give me a lesser sentence or lesser time . . . as far as my cooperation with him." Bailey also testified that he would not have made the confession if Mickle had not promised him leniency in return. Bailey admitted, however, that when he agreed to help the Special Investigation Unit, he was "agreeing to do something in the future."

Following this testimony, the trial court ruled that Bailey's confession was voluntary and admissible. Bailey contends that this ruling was erroneous because the police improperly gave him a hope of benefit in return for his confession. We disagree.

Under OCGA § 24-3-50, a confession is inadmissible unless it is made "voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." "Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the 'hope of benefit' sufficient to render a statement inadmissible."[3] It is the task of the trial court to determine whether a confession was voluntary, taking into account the totality of the circumstances.[4] We will not disturb the trial court's factual and credibility determinations on appeal unless they are clearly erroneous.[5]

Here, Investigator Mickle testified that he simply told Bailey that he would inform the district attorney's office if Bailey provided future assistance with other drug investigations. Mickle insisted that he did not tell Bailey that he could get Bailey's sentence reduced. Although Bailey testified that Mickle promised him a lighter sen-

---

[3] (Punctuation omitted.) *Lawrence v. State*, 227 Ga. App. 70, 73 (5) (487 SE2d 608) (1997); see also *Autry v. State*, 210 Ga. App. 150, 151 (2) (435 SE2d 512) (1993).

[4] See *Sims v. State*, 197 Ga. App. 214, 216 (3) (398 SE2d 244) (1990).

[5] Id.

tence in return for "cooperation," the trial court was entitled to conclude that Mickle was the more credible witness. Mickle also testified that he promised to notify the prosecution only if Bailey provided future information to the police concerning other drug dealers, *not* if Bailey made a confession. And, even Bailey acknowledged that he was "agreeing to do something in the future." Thus, the trial court could have concluded that any promise of leniency was contingent on future assistance by Bailey and was unrelated to his confession. Finally, Bailey signed a form acknowledging that the police used no promises or threats against him and did not pressure or coerce him.[6] Under these circumstances, the trial court's ruling that Bailey's confession was voluntary was not clearly erroneous.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2001.

*Patterson & Patterson, Jackie G. Patterson, Yasma Patterson*, for appellant.

*Peter J. Skandalakis, District Attorney, Julianne W. Holliday, Assistant District Attorney*, for appellee.

---

[6] See *Lyles v. State*, 221 Ga. App. 560, 561 (1) (472 SE2d 132) (1996) (upholding trial court's admission of confession where, among other things, defendant "signed a form acknowledging that he had not been promised anything").