## S02A0421. HARVELL v. THE STATE.
(562 SE2d 180)

CARLEY, Justice.

A jury found Fernando Harvell guilty of the following crimes: burglary of the home of Mr. and Mrs. Charles Wood; felony murder of Mr. Woods while in the commission of an aggravated assault; an alternative count of felony murder during an armed robbery of Mr. Woods; the two predicate felonies perpetrated against Mr. Woods; commission of an armed robbery and aggravated assault against Mrs. Woods; an aggravated assault and aggravated battery of her son, Charles Ballard; and, possession of cocaine. The trial court sentenced appellant to life imprisonment for the homicide, after erroneously merging both underlying felonies into the single felony murder conviction. See *Dunn v. State*, 263 Ga. 343, 345 (2) (434 SE2d 60) (1993). For the robbery and assault of Mrs. Woods, the trial court sentenced Harvell to two concurrent 20-year terms. For the aggravated assault and aggravated battery of Mr. Ballard, the trial court imposed a single concurrent ten-year sentence, but did not specify which conviction merged into the other. For the burglary and the drug offenses, the trial court sentenced appellant to two concurrent terms of ten years. The trial court denied a motion for new trial, and Harvell appeals.[1]

1. When they entered the residence, Harvell was armed with a baseball bat and his accomplice, Telly Ranson, had a gun. During the course of robbing and assaulting Mr. Wood, Ranson fatally shot him. Appellant and Ranson also threatened Mrs. Woods with their weapons, and stole her watch. Appellant beat Mr. Ballard in the head with the bat, seriously injuring him. The next day, Harvell attempted to sell a revolver which was identified as the murder weapon. He also was overheard making incriminating admissions regarding his participation in the events. At the time of his arrest, appellant possessed

---

[1] The crimes occurred on October 27, 1996. The grand jury indicted Harvell and Ranson on June 1, 1999. The jury returned the guilty verdicts on June 25, 1999. The trial court entered the judgments of conviction and imposed the sentences on July 22, 1999. Appellant filed a motion for new trial on August 18, 1999, and the trial court denied that motion on September 28, 2001. The notice of appeal was filed on October 23, 2001, and the case was docketed in this Court on December 4, 2001. The appeal was submitted for decision on January 28, 2002.

cocaine. After initially invoking his right to counsel, he subsequently gave the police an inculpatory statement. Mrs. Woods and her son positively identified Harvell as one of the two men who committed the crimes. The evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that appellant was guilty of the various offenses for which he was convicted and sentenced. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Citing *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), Harvell contends that his statement was inadmissible because, prior to making it, he requested counsel. Under the " 'bright-line prophylactic . . . rule' " established in *Edwards*, an accused who asks for legal representation does not thereafter waive his constitutional rights by submitting to police-initiated custodial interrogation, but does so only if he " 'initiates further communication, exchanges, or conversations with the police.' [Cits.]" *Walton v. State*, 267 Ga. 713, 716 (3) (482 SE2d 330) (1997). After conducting a *Jackson-Denno* hearing, the trial court found that appellant waived his rights because, after requesting an attorney, he made an unsolicited proffer of his statement. See *Ottis v. State*, 269 Ga. 151, 154 (2) (496 SE2d 264) (1998). We must affirm that ruling unless it is clearly erroneous. *White v. State*, 255 Ga. 210, 212 (2) (336 SE2d 777) (1985).

The evidence produced at the hearing showed that when Harvell requested a lawyer, he also asked to speak with his mother, Deborah Harvell, who worked nearby. After conferring privately with her son, Ms. Harvell informed the officers that he wished to give them a statement. One of the policemen then asked appellant whether he had changed his mind. He responded in the affirmative. Harvell signed a waiver form which was witnessed by his mother, and only then did he give the inculpatory statement. Neither appellant nor his mother was ever threatened or coerced.

On this evidence, the trial court was authorized to find that Harvell, acting through his mother, initiated further contact with the policemen. "Numerous cases hold that *Miranda* [*v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)] is not implicated when a suspect in custody is questioned or encouraged to confess by a father, mother, wife or girl friend. [Cits.]" *Cook v. State*, 270 Ga. 820, 826 (2) (514 SE2d 657) (1999). See also *United States v. Gaddy*, 894 F2d 1307, 1309-1311 (11th Cir. 1990) (cited with approval in *Cook*, supra at 827-828 (2)). Appellant contends that, by asking whether he had changed his mind, the officer violated the mandate of *Edwards*. However, the obvious purpose of this limited inquiry was to determine whether the information relayed by Harvell's mother was correct. By merely confirming her report that he was willing to make a statement, the officer did not reinitiate interrogation. Compare *Walton v.*

*State*, supra at 716 (3). "[U]nder these circumstances, [Harvell] reinitiated the questioning — albeit through his agent, his [mother]." *United States v. Gonzalez*, 183 F3d 1315, 1324 (B) (11th Cir. 1999). Thereafter, he freely and voluntarily waived his rights by signing a waiver which was witnessed by Ms. Harvell. See *Cook v. State*, supra at 828 (2). Thus, his statement was admissible into evidence for the jury's consideration.

3. Count 6 of the indictment charged commission of aggravated battery by seriously disfiguring Mr. Ballard's skull with blows from a baseball bat. Count 8 alleged aggravated assault against Mr. Ballard by striking him with the baseball bat. Under these allegations, the aggravated assault merged, as a matter of fact, into the aggravated battery, which required additional proof that the act of hitting the victim caused serious disfigurement of his skull. *Riden v. State*, 226 Ga. App. 245, 246 (2) (486 SE2d 198) (1997). Compare *Grace v. State*, 262 Ga. 746, 748 (2) (425 SE2d 865) (1993). Therefore, the trial court is directed on remand to specify that Count 8 merges into Count 6, and that the ten-year concurrent sentence for the crime committed against Mr. Ballard is, therefore, imposed for the offense of aggravated battery.

*Judgments affirmed with direction. All the Justices concur.*

DECIDED APRIL 15, 2002.

*R. Gary Spencer*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Jennifer S. Gill*, Assistant Attorney General, for appellee.