## A02A1417. TOWNSEND v. THE STATE.
(570 SE2d 47)

BLACKBURN, Chief Judge.

Jimmy Delane Townsend appeals his conviction by a jury of aggravated assault and aggravated battery. In his sole enumeration of error, he contends that the evidence was insufficient to support his conviction. For the reasons set forth below, we affirm the conviction for aggravated battery but vacate the conviction for aggravated assault.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Townsend] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State.*[1]

Viewed in this light, the record shows that on February 2, 2000, Kathy Lock and her fiancé, Jason Dixon, went to the home of her mother, Mildred Townsend. Living with Mrs. Townsend was her son, appellant Jimmy Townsend, who had sustained multiple serious injuries in an automobile accident the year before.

As Mrs. Townsend, Lock, and Dixon sat talking in the living room, Jimmy Townsend entered the room. Jimmy stopped in front of his mother and began waving his arms and cursing. Fearing that Jimmy was going to strike his mother, Dixon rose from his chair and told Jimmy to leave his mother alone. When Jimmy stepped up to Dixon, Dixon pushed him away. Jimmy left the room but returned quickly with his hand balled up and held back as if he were about to swing at Dixon. Dixon brought his hand up to protect himself from the anticipated punch, but Jimmy instead cut him in the side with a knife. Dixon fell to the floor, then got to his feet in an attempt to leave, but again fell. Lock tried to reach the phone so that she could call 911, but gave up the attempt when Jimmy threatened her and started toward her with the knife. Mrs. Townsend got in front of Jimmy, and Lock pushed Dixon onto the front porch. From there, Lock helped Dixon reach his father's house, which was down the road. Dixon was taken to the hospital, where 100 stitches were required to close his wounds. The stab wounds left scars on Dixon's side.

The next morning, Lock called her mother. Jimmy answered the phone and, before giving his mother the phone, told Lock that he had taught Dixon a valuable lesson and that he would "kill both of y'all." That same morning, Jimmy turned himself in to the police.

"A person commits the offense of aggravated assault when he or she assaults [w]ith a deadly weapon." OCGA § 16-5-21 (a) (2). Count 1 of the indictment charged Townsend with aggravated assault in that he made "an assault upon the person of Jason Dixon, with knife, a deadly weapon, by cutting him." We find that the State properly

---

[1] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).

charged Townsend with aggravated assault, and that the evidence was more than sufficient to authorize a jury to find Townsend guilty of that crime under the standard set forth in *Jackson v. Virginia*.[2]

"A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another . . . by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). Count 2 of the indictment charged Townsend with aggravated battery in that he "did maliciously cause bodily harm to the person of Jason Dixon, by seriously disfiguring his body, to wit: by causing scars to his torso, by cutting him with a knife." We also find that the State properly charged Townsend with aggravated battery and that the evidence was more than sufficient to authorize a jury to find Townsend guilty of aggravated battery under the standard set forth in *Jackson v. Virginia*.

Though Townsend could be charged with both aggravated assault and aggravated battery, in this case he could not be convicted and sentenced for both. OCGA § 16-1-7 (a) (1) provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if [o]ne crime is included in the other." In this case, the aggravated assault count of the indictment alleged that Townsend had assaulted Dixon and cut him with a knife. The aggravated battery count alleged that he had caused bodily harm to Dixon "by seriously disfiguring his body . . . by causing scars to his torso, by cutting him with a knife." These counts are based on the same conduct and make it clear that the aggravated assault would be included in the aggravated battery. *Knight v. State*.[3] "The facts adduced to support the aggravated assault charge, as it was set forth in the indictment, were the same facts used to support the aggravated battery charge, as it was set forth in the indictment, with the additional element being" the serious disfigurement of Dixon's body. *Mills v. State*.[4] "Since appellant could not have been convicted for both crimes, the conviction for the included offense, the assault, must be vacated." Id.

Townsend did not raise in his appeal the issue of multiple convictions for the same conduct. However, this Court has "followed the general rule that in exceptional circumstances, especially in criminal cases, appellate courts may, on their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public repu-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Knight v. State*, 190 Ga. App. 87 (2) (378 SE2d 373) (1989).

[4] *Mills v. State*, 187 Ga. App. 79, 81 (4) (369 SE2d 283) (1988).

tation of judicial proceedings." *Kearney v. State.*[5] This is especially true where the error results in an increase in the sentence imposed. We find this to be one of the cases in which this rule was intended to apply. The error is obvious. More importantly, since the Georgia Code specifically prohibits multiple convictions for the same conduct, "[i]t would seriously affect the fairness and integrity of the judicial system to allow an illegal and unauthorized sentence to stand." *Taylor v. State.*[6]

*Judgment affirmed in part and vacated in part. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, Forest L. Miles, Assistant District Attorney*, for appellee.

---

[5] *Kearney v. State*, 184 Ga. App. 64, 66 (360 SE2d 633) (1987).
[6] *Taylor v. State*, 186 Ga. App. 113, 115 (3) (366 SE2d 422) (1988).