## A03A0501. LEWIS v. THE STATE.
### (582 SE2d 222)

RUFFIN, Presiding Judge.

Fred Lewis was indicted for two counts of armed robbery, one count of kidnapping, and one count of theft by taking. A jury found him guilty of one count of armed robbery, kidnapping, and theft by taking. As to the second armed robbery count, the jury found him guilty of theft by extortion, a lesser offense. The trial court subsequently sentenced Lewis on each count. He appeals, arguing that the trial court erred in failing to merge several of the convictions. For reasons that follow, we affirm in part, vacate in part, and remand for resentencing.

Viewed favorably to the verdict,[1] the evidence shows that on April 28, 2001, Lewis hailed a taxicab driven by Fred Copeland, who stopped for Lewis. As they drove into a secluded area, Lewis told Copeland to pull over, pulled a knife, and stated: "we can do this the easy way or the hard way." Lewis ordered Copeland to give him the cab fare money located in Copeland's shirt pocket, and Copeland

---

[1] *Kier v. State*, 247 Ga. App. 431-432 (1) (543 SE2d 801) (2000).

complied. At that point, Lewis attempted to tie Copeland's hands together, but was unsuccessful. He then placed Copeland in the taxi's trunk, took the wheel, and drove away.

Once inside the trunk, Copeland remembered that he had a cellular phone in his pocket. He called the police, reported the robbery and his location, and called his office. Lewis overheard Copeland talking to his employer, stopped the car, opened the trunk, and took Copeland's cell phone and wallet. Lewis also threatened to kill Copeland. Some time later, the police apprehended Lewis, who was still driving the taxicab with Copeland inside the trunk.

Based on this evidence, the jury concluded that Lewis committed armed robbery by taking the cab fare money from Copeland at knifepoint. The state also charged Lewis with a second count of armed robbery for taking Copeland's cell phone and wallet, and the jury found him guilty of the lesser offense of theft by extortion.[2] Finally, the jury found Lewis guilty of kidnapping Copeland and theft by taking the taxicab. The trial court sentenced Lewis to prison terms on each count.[3]

1. Appellant contends the trial court erred in failing to merge his convictions for armed robbery and theft by extortion. We agree.

Under Georgia law, "[o]ne crime is included in another as a matter of fact if it is established by proof of the same or less than all of the facts used to prove the other."[4] In determining whether a crime is included in another, we generally apply the actual evidence test: "[I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact."[5] While a defendant may be tried for both offenses under such circumstances, he may not be convicted and sentenced for both.[6]

In the robbery context, however, the analysis is unique. A defendant who takes multiple items from a victim in one transaction cannot be convicted of multiple robberies, even though the prosecution arguably uses different evidence to prove each taking.[7] Our

---

[2] At Lewis' request, the trial court charged the jury on the lesser charge of theft by extortion. This is not a lesser included offense of armed robbery as a matter of law. See OCGA §§ 16-8-16; 16-8-41. As discussed in Division 1, however, it may merge with armed robbery as a matter of fact.

[3] The trial court sentenced Lewis to two consecutive life sentences without parole for armed robbery and kidnapping and ten years imprisonment for theft by extortion. The trial court also sentenced Lewis to ten years imprisonment for theft by taking of the taxi.

[4] *Kinney v. State*, 234 Ga. App. 5, 7 (2) (505 SE2d 553) (1998). See also OCGA § 16-1-6 (1).

[5] (Punctuation omitted). *Alvin v. State*, 253 Ga. 740, 742 (1) (325 SE2d 143) (1985).

[6] See *Kinney*, supra; OCGA § 16-1-7 (a) (1).

[7] See *Tesfaye v. State*, 275 Ga. 439, 442 (4) (569 SE2d 849) (2002); *Randolph v. State*, 246 Ga. App. 141, 144 (1) (538 SE2d 139) (2000).

Supreme Court has determined that "[t]he taking of property in a single transaction from a victim at two sites under the same roof constitutes one robbery."[8] Based on this authority, Lewis argues that the theft of Copeland's cab fares, cell phone, and wallet occurred during a single robbery. The relevant question, therefore, is whether the thefts involve a single transaction or sequential crimes.

The state argues that the thefts are sufficiently separated by time, space, and motive to constitute sequential offenses, but the record is silent as to exactly how long Lewis drove the taxi with Copeland in the trunk before taking the cell phone and wallet. It appears that Copeland called the police and his office soon after Lewis forced him into the taxi's trunk, and the state admits that Lewis drove only "a short distance" before taking these items. Thus, the record does not support the state's contention that the two offenses are separated by time. Furthermore, we cannot find that different motivations permeated the two thefts. Although the state argues that Lewis took the cell phone to stop Copeland from calling for help, he also took Copeland's wallet at that point. Finally, the fact that Lewis robbed Copeland first in the driver's seat and then kidnapped him and robbed him in the trunk does not necessarily establish separate theft offenses.[9]

Given that the thefts occurred in the same car within a short time period and involved a single victim, we agree with Lewis that he committed a single robbery, rather than sequential crimes, when he took the cab money, cell phone, and wallet from Copeland at knifepoint.[10] The theft by extortion conviction was included in the armed robbery conviction as a matter of fact and should have been merged into the armed robbery conviction.[11] Accordingly, Lewis' conviction for theft by extortion is vacated, and we remand for resentencing.[12]

2. We do not agree with Lewis that his conviction for theft of the taxicab should have been merged into the armed robbery conviction. The evidence shows that Lewis committed armed robbery when he took Copeland's cab money, wallet, and cell phone at knifepoint. He committed theft by taking, however, when he drove away in Copeland's taxi.[13] As we have previously held, a defendant who robs a

---

[8] *Tesfaye*, supra.

[9] See *Randolph*, supra (only one robbery committed when defendant entered store, forced manager to open store safe and place store money into bag, then falsely imprisoned manager in back of store and robbed him of his wallet).

[10] See id.

[11] See *Phanamixay v. State*, 260 Ga. App. 177, 180 (3) (581 SE2d 286) (2003) (defendants' theft by taking convictions included in armed robbery as a matter of fact because "property was taken from the victims' possession in the same incident and constituted a single crime").

[12] See *Randolph*, supra.

[13] See OCGA § 16-8-2.

vehicle driver of money at gunpoint, then forces the driver out of the car and drives away, may be convicted of armed robbery and motor vehicle theft.[14] In such case, "[t]he evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime."[15] Accordingly, theft by taking the taxi was not included in the armed robbery, and the trial court did not err in sentencing Lewis for both offenses.[16]

*Judgment affirmed in part and vacated in part and case remanded for resentencing. Smith, C. J., and Miller, J., concur.*

DECIDED MAY 14, 2003.

*John D. Staggs, Jr.,* for appellant.
*Richard E. Currie, District Attorney, George E. Barnhill, Assistant District Attorney,* for appellee.

---

[14] See *Parrish v. State,* 160 Ga. App. 601, 603-604 (2) (287 SE2d 603) (1981).
[15] (Punctuation omitted.) Id. at 604.
[16] See *Holt v. State,* 239 Ga. 606, 607 (238 SE2d 399) (1977); *Fonseca v. State,* 212 Ga. App. 463, 464 (1) (441 SE2d 912) (1994); *Jones v. State,* 161 Ga. App. 620, 622 (1) (a) (288 SE2d 795) (1982); *Parrish,* supra.