## A04A1027. HOLLOWAY v. THE STATE.
### (604 SE2d 844)

JOHNSON, Presiding Judge.

A jury found Nekio Holloway guilty of armed robbery, criminal attempt to commit armed robbery, aggravated battery, and three counts of aggravated assault. He appeals from the judgment entered on the verdict, urging that the testimony of his co-defendant was not corroborated, the evidence was not sufficient to support the conviction on the aggravated battery charge, and several of the offenses should have merged for sentencing purposes. We agree that one of the aggravated assault charges should have merged with the aggravated battery charge, and that the armed robbery charge should have merged with the criminal attempt to commit armed robbery charge. Accordingly, the judgments of conviction and sentences for two of the charges must be vacated. None of the remaining enumerations has merit, so we affirm Holloway's other convictions.

Viewed favorably to the verdict,[1] the evidence shows James Avery drove his Cadillac to the home of Rayphal Morrison to buy marijuana. Avery's girlfriend, Erica Kiser, waited in the car. Morrison opened the door for Avery, and Avery went inside the house for a few

---

[1] See *Lewis v. State,* 261 Ga. App. 273 (582 SE2d 222) (2003).

minutes. Avery left the house and walked toward his car. Four or five armed men came from behind the house and ordered Avery to get on the ground. One of the men hit Avery in the head with a baseball bat three or four times. The men stole Avery's money and marijuana.

The men also took Avery's car keys and attempted to steal Avery's car. They were unable to steal the car because the car had a "kill" switch on it that prevented the car from starting. A small man wearing braids and brandishing a handgun approached Kiser and told her to get on the ground. She screamed and he told her to be quiet or he was going to "use it." The men told Kiser to get back into the car and asked her how to start the car, but she did not know how to start it. The men dragged Avery to the car and tried to get him to start the car, but he was not conscious and was unable to comply with their demands. In order to get Avery to start the car, the men tied some straps around his arm and wrist and sat him on their laps. Avery, still unconscious, was not able to start the car. One of the assailants panicked and fled. The other men dragged Avery back out to the yard. According to Kiser, they appeared to be mad because Avery would not start the car. The small man with the braids said to Avery, "Don't make me shoot you, don't make me shoot you with this AK-47, you can start the car." He then tried unsuccessfully to wake Avery up. Then, while Avery was lying on his stomach, "out of it," the man shot him in the buttocks.

When police arrived on the scene, they found Avery on the ground. His feet were tied with red "zip ties," the type police officers use as handcuffs. A search of Morrison's bedroom closet revealed a baseball bat with red stains on it, and a bag of marijuana with red stains on it. A search of Holloway's house next door revealed more of the red ties under a couch cushion in his living room and in his garage. Holloway, Morrison, and Quantavius Mathis were charged in the crimes.

Kiser testified that the gunman was small, thin and wore braids. She picked Holloway out of a lineup as the man who shot Avery, noting "the shape of [Holloway's] head and his nose and his braids, the way they stick out, and his neck, the way it's kind of small, it goes down, but mainly like the shape of his head." Kiser identified Morrison as the man who struck Avery with the baseball bat.

Mathis testified against Holloway at trial. He testified that when Avery came out of the house, he and Holloway came from the side of the house. They were armed and ordered Avery to lie down on the ground. They asked Avery for the marijuana, which Avery put on the grass. Mathis picked it up, as Holloway had told him to do when they were planning the robbery. Mathis testified that Morrison then hit Avery on the head three or four times with a baseball bat. Mathis also testified that Holloway wore braids at the time of the incident.

Morrison pled guilty to aggravated assault and aggravated battery, but testified that he did not see Holloway on the day the crimes occurred. Before trial, however, Morrison gave police a written statement in which he confessed that he, Holloway, and Mathis discussed robbing a man Morrison's sister knew who had a Cadillac. The plan was that Morrison would get the victim to come to his house, and the men would wait outside with guns. Avery arrived and went inside. When he came out, Morrison, Holloway, and Mathis confronted him with guns and ordered him to give them the drugs and get on the ground. Holloway directed Morrison to hit Avery on the head with a baseball bat; Morrison struck Avery three or four times. Holloway gave Morrison some red zip ties, which Morrison tied around Avery's ankles. Holloway tried to start Avery's car, but could not. Holloway pointed the gun at Avery, asking how to start the car. Avery did not respond. Kiser was screaming. Mathis and Morrison ran. Morrison heard a gunshot, turned around, and saw Holloway standing over Avery. Holloway walked next door to his house.

1. Holloway contends that his convictions were based on the uncorroborated testimony of co-defendant Mathis. Because other evidence connected Holloway to the crimes, this enumeration is without merit.

In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice.[2] The corroboration must be independent of the accomplice's testimony, and it must connect the defendant to the crime or lead to the inference that he is guilty.[3] However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged.[4] Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict.[5] The corroborating evidence may be circumstantial.[6]

Here, Mathis' testimony was corroborated by Kiser's testimony that she saw several armed men come from behind the house and that she watched as Morrison beat Avery in the head with a baseball bat; by Kiser's identification of Holloway in a photo lineup as the man who shot Avery; by police officer testimony that Avery's feet were bound with red zip ties, that officers found similar red ties in Holloway's living room and garage, and that they found a baseball bat and bag of marijuana with red stains on them in Morrison's bedroom closet; by

[2] OCGA 24-4-8; *House v. State*, 237 Ga. App. 504-505 (1) (515 SE2d 652) (1999).
[3] *House*, supra at 505.
[4] Id.
[5] Id.
[6] Id.

Morrison's pre-trial statement that Holloway shot Avery; by Morrison's pre-trial statement that he hit Avery in the head with the baseball bat; and by Morrison's statement that he placed red zip ties on Avery's ankles. At the very least, this evidence raised the inference that Holloway participated in the charged offenses. The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient.[7]

Accordingly, based upon a review of the evidence, we find that a rational trier of fact could have found Holloway guilty beyond a reasonable doubt of committing the crimes of armed robbery, criminal attempt to commit armed robbery, aggravated assault (three counts), and aggravated battery.[8]

2. Holloway contends the evidence was not sufficient to support his conviction of aggravated battery, inasmuch as the state failed to prove that Avery's head injuries were seriously disfiguring as alleged in the indictment and as contemplated by OCGA § 16-5-24. This contention is without merit.

OCGA § 16-5-24 (a) provides, in relevant part, that a person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring his body. In this case, Avery testified that his skull was fractured and it took more than thirty staples to close his head wounds. He showed the jury his scars and added that he occasionally suffers from severe headaches and memory loss as a result of the attack. Whether the injuries were seriously disfiguring was a jury question.[9] Expert testimony was not required.[10] A jury was authorized to find from the evidence that the beating with the baseball bat resulted in serious disfigurement.

3. Holloway contends the trial court erred in sentencing him for both armed robbery and criminal attempt to commit armed robbery, when both charges involved the same victim and were part of a single transaction. We agree and remand the case for the trial court to vacate the sentence for criminal attempt to commit armed robbery.

At issue are Counts 1 and 2. Count 1 accused Holloway of using a handgun to take Avery's money and marijuana. Count 2 accused Holloway of using a handgun to attempt to take Avery's car.

Under Georgia law, one crime is included in another as a matter of fact if it is established by proof of the same or less than all of the

---

[7] *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996).

[8] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *House*, supra.

[9] See *Grace v. State*, 210 Ga. App. 718, 719 (2) (437 SE2d 485) (1993).

[10] See generally *Williams v. State*, 262 Ga. App. 698, 699 (1) (588 SE2d 755) (2003).

facts used to prove the other.[11] If the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact.[12] While a defendant may be tried for both offenses under such circumstances, he may not be convicted and sentenced for both.[13]

In the robbery context, however, the analysis is different. A defendant who takes multiple items from a victim in one transaction cannot be convicted of multiple robberies, even though the prosecution arguably uses different evidence to prove each taking.[14] The question is whether the thefts involve a single transaction or sequential crimes.[15] When one victim is robbed of more than one item in a single transaction, only one robbery may be charged.[16]

In this case, the perpetrators planned an armed robbery, then threatened Avery with guns and tried to take his money, his drugs, and his car. They were unsuccessful in their attempt to take the car. Given that the armed robbery and attempted armed robbery occurred at the same location, within a short period of time, and involved a single victim, Holloway committed a single offense when he took or attempted to take Avery's money, drugs and car at gunpoint.[17] Therefore, the attempted armed robbery was included in the armed robbery and should have merged into the armed robbery for conviction and sentencing purposes.[18]

We note that the cases cited by the state do not require a different holding here. In none of those cases was the defendant charged with two armed robberies or an armed robbery and an attempted armed robbery.[19]

Accordingly, Holloway's attempted armed robbery conviction must be vacated, and the case is remanded for resentencing.

4. We are not convinced by Holloway's claim that the armed robbery charge in Count 1 and the aggravated assault charge in

---

[11] *Lewis*, supra at 274 (1).

[12] Id.

[13] Id.

[14] Id.

[15] Id. at 275.

[16] *Randolph v. State*, 246 Ga. App. 141, 144 (1) (538 SE2d 139) (2000); *Deans v. State*, 212 Ga. App. 571, 572 (443 SE2d 6) (1994).

[17] *Lewis*, supra; *Deans*, supra.

[18] See *Tesfaye v. State*, 275 Ga. 439, 442 (4) (569 SE2d 849) (2002) (merger of two armed robbery convictions where one count charged defendant with taking money from victim, and other count charged defendant with taking victim's keys and car).

[19] See *Lowe v. State*, 267 Ga. 410, 411 (1) (b) (478 SE2d 762) (1996) (no merger of aggravated assault and malice murder); *Kellibrew v. State*, 239 Ga. App. 783, 786 (4) (521 SE2d 921) (1999) (no merger of aggravated assault and aggravated battery); *Lucas v. State*, 197 Ga. App. 347, 348 (2) (398 SE2d 417) (1990) (no merger of armed robbery and aggravated assault).

Count 3 also merged. Count 1 charged Holloway with using a handgun to steal money and marijuana from Avery. Count 3 charged him with shooting Avery with a handgun. The testimony shows that the armed robbery was completed before Holloway committed the aggravated assault upon Avery by shooting him as he lay unconscious on the ground. In fact, Holloway could not be said to have used the gun to effectuate any armed robbery at that point, since he had already tried to force Avery to start the car but, at the time of the shooting, the victim was unconscious, unresponsive, and lying face down on the ground with a gaping head wound. Under the facts of this case, the crimes of aggravated assault and armed robbery did not merge.[20]

5. Holloway's argument that Counts 2 and 3 should have merged is also without merit. Count 2 charged Holloway with attempted armed robbery for attempting to steal Avery's car at gunpoint. Count 3 charged Holloway with aggravated assault for shooting Avery. As discussed in Division 4, the attempted armed robbery was completed before the gunman shot the unconscious victim.[21] These were separate offenses and the trial court did not err in sentencing Holloway accordingly.[22]

6. The state concedes that Counts 4 and 6 should have merged. Count 4 charged Holloway with committing aggravated assault by using a baseball bat offensively against Avery so as to cause serious bodily injury. In Count 6, the state charged Holloway with committing aggravated battery by maliciously causing harm to Avery by hitting him with a baseball bat and seriously disfiguring him. Though it was not error to charge Holloway with both aggravated assault and aggravated battery, in this case he could not be convicted of and sentenced for both. The counts are based on the same conduct. The facts adduced to support the aggravated assault charge were the same facts used to support the aggravated battery charge, with the additional element being serious disfigurement.[23] Because the aggravated assault charge would be included in the aggravated battery charge, the conviction and sentence for the included offense, the

---

[20] See *Harvey v. State*, 233 Ga. 41, 42-43 (1) (209 SE2d 587) (1974) (no merger of armed robbery and aggravated assault where defendants robbed victim of car at gunpoint and, while driving victim's car, shot victim); *Lewis*, supra at 275 (2) (no merger of armed robbery and theft by taking where defendant took victim's money at knifepoint, placed victim in trunk and drove away in victim's taxicab, then stopped the car and took victim's wallet and cell phone); *Perkins v. State*, 216 Ga. App. 118, 120 (2) (453 SE2d 135) (1995) (no merger of armed robbery and aggravated assault where defendant successfully used gun to accomplish robbery then, upon co-defendant's urging to shoot victim, defendant pointed gun at and attempted to shoot victim).

[21] See *Rooks v. State*, 238 Ga. App. 177, 179-180 (2) (518 SE2d 179) (1999).

[22] See *Lucas v. State*, 197 Ga. App. 347, 348 (2) (398 SE2d 417) (1990).

[23] See *Harvell v. State*, 275 Ga. 129, 131 (3) (562 SE2d 180) (2002); *Townsend v. State*, 256 Ga. App. 837, 839 (570 SE2d 47) (2002).

assault, must be vacated.[24]

Upon remand, the trial court is directed to vacate the judgments of conviction entered on Counts 2 and 4, and resentence Holloway in accordance with this opinion.

*Judgment affirmed in part, vacated in part and case remanded with direction. Smith, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 2004 — 

*Zell & Zell, Rodney S. Zell,* for appellant.

*Jeffrey H. Brickman, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.