## A07A0093. NEALEY v. THE STATE.
(646 SE2d 471)

PHIPPS, Judge.

A jury found James Nealey guilty of seven offenses in connection with his criminal acts upon Lloyd Cochran and B. S., a minor. For sentencing purposes, the trial court merged some counts into others and then sentenced Nealey on five counts. On appeal, Nealey contends that the trial court erred by not merging other counts and by denying him a new trial. Because the record does not support Nealey's contentions, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on July 14, 1998, Nealey and another man entered Cochran's store through a back door and began to attack Cochran, striking him with their fists. Cochran fled outside, but one of the men caught him and caused him to fall to the ground. Nealey stated that he was "going to kill" Cochran and began to stab Cochran with a knife, seriously injuring his face and eyes. When Cochran threw up his arms to shield his face, Nealey stabbed and injured Cochran's right arm. Although Nealey walked away, he returned and again stabbed Cochran and threatened to kill him. Thirteen-year-old B. S. was at the store and witnessed the attack. When she tried to help Cochran, Nealey grabbed a telephone from her and threatened her with the knife.

The jury found Nealey guilty of aggravated assault with intent to murder, two other counts of aggravated assault, two counts of aggravated battery, cruelty to children in the first degree, and making terroristic threats to Cochran. For sentencing purposes, the trial court merged the count of aggravated assault with intent to murder into one of the aggravated battery counts, and another aggravated assault count into the other aggravated battery count. Nealey received sentences upon the counts of aggravated battery based on injuries to Cochran's face and eyes; aggravated battery based on injuries to Cochran's arm; aggravated assault against B. S.; cruelty to children in the first degree; and making terroristic threats.

1. Nealey asserts that the trial court should have merged into a single count all of the counts relating to his attack on Cochran.[1] He argues that all of these offenses involved the same set of facts and that proof of one of the offenses "used up" all of the evidence relied upon for the other counts. We disagree.

> OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be prosecuted for each crime that arises from the accused's conduct, but an accused may not be convicted of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law.[2]

Georgia uses the "actual evidence" test to determine if one crime is included in another as a matter of fact: whether the state "used up" its evidence in proving the greater offense.[3]

The trial court sentenced Nealey on three counts relating to his attack on Cochran, the two aggravated battery counts and the count of making terroristic threats. There is no merit in the argument that the two aggravated battery counts should have been merged, because different facts were required to prove each offense. Aggravated battery requires a showing that a defendant maliciously caused bodily harm to another by depriving the victim of a body part, by rendering a body part useless, or by seriously disfiguring a body part.[4] One of Nealey's aggravated battery counts was based on disfigurement to Cochran's face and eyes and required evidence of those injuries. The other was based on disfigurement to Cochran's right

---

[1] Before the trial court and on appeal, Nealey has stated that the counts involving the attack on Cochran should all merge into the count for aggravated assault with intent to murder. The trial court, however, properly viewed the aggravated assault count as a lesser included offense and merged it into one of the aggravated battery counts. See *Townsend v. State*, 256 Ga. App. 837, 839 (570 SE2d 47) (2002) (merging aggravated assault count into aggravated battery count). At a hearing on Nealey's motion for new trial, the trial court instead treated Nealey's motion as addressing whether the remaining two aggravated battery counts and the terroristic threat count should merge into a single count. We do the same.

[2] *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002) (citations and emphasis omitted).

[3] *Leaptrot v. State*, 272 Ga. App. 587, 600-601 (4) (612 SE2d 887) (2005).

[4] OCGA § 16-5-24 (a).

arm and required evidence of injuries to the arm. Neither charge "used up" the evidence because each involved evidence of separate injuries to different body parts.

Although the injuries to Cochran's face and arm occurred during a single attack, they nevertheless may support separate offenses.[5] Multiple acts of stabbing may be treated as distinct criminal offenses, even if they occur during a single attack.[6] In addition, evidence that Nealey temporarily stopped the attack, walked away, and then resumed the attack supports a finding that one aggravated battery was complete before the other occurred.[7] The trial court, therefore, was not required to merge the aggravated battery convictions into a single offense for sentencing.

Nealey's claim that the trial court should have merged the terroristic threats count into the other offenses against Cochran also lacks merit. The terroristic threat offense requires the defendant to utter a threat to commit an act of violence,[8] which is not an element of the other offenses upon which Nealey was sentenced.[9] Accordingly, merger would not have been appropriate.

2. Nealey further contends that the trial court should have merged the count for aggravated assault against B. S. into the count for cruelty to children in the first degree. The offenses committed against B. S., however, involved different elements and required different evidence. The aggravated assault conviction arose from evidence that Nealey brandished a knife at B. S. in a threatening manner,[10] while the cruelty to children conviction arose from evidence that Nealey caused B. S. mental pain by attacking Cochran in her presence.[11] Thus, the trial court correctly declined to merge the two counts.

3. Finally, Nealey contends that the trial court erred in denying his motion for new trial, merely reiterating his merger arguments as

---

[5] See *Brown v. State*, 275 Ga. App. 99, 106-107 (5) (619 SE2d 789) (2005) (finding separate criminal acts for aggravated assault, aggravated battery and kidnapping with bodily injury where husband attacked wife with sword); *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998) (finding separate criminal acts of aggravated assault and armed robbery where defendant forced himself into victim's bedroom, stabbed her, and stole her purse and keys).

[6] See *Wright v. State*, 243 Ga. App. 167, 169 (532 SE2d 724) (2000) (upholding convictions for aggravated battery and aggravated assault in husband's attack on wife with knife, finding two acts of stabbing supported battery conviction and remaining twenty-four acts of stabbing supported separate assault conviction).

[7] See *Brown*, supra at 106-107 (5) (involving attack that happened in stages).

[8] OCGA § 16-11-37 (a).

[9] See *Echols v. State*, 134 Ga. App. 216, 218 (4) (213 SE2d 907) (1975) (conviction for terroristic threats does not merge with conviction for aggravated assault because offenses involve different elements).

[10] OCGA § 16-5-21 (a) (2).

[11] OCGA § 16-5-70 (b).

the basis for his request for new trial. Where a trial court has not properly merged counts for purposes of sentencing, the remedy is to vacate the conviction on the lesser offense, not to grant a new trial.[12] Moreover, Nealey's merger arguments lack merit.[13] Accordingly, the trial court properly denied Nealey a new trial.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 10, 2007.

*Michael G. Parham, John C. Whiting*, for appellant.
*Joe W. Hendricks, Jr., District Attorney*, for appellee.

---

[12] *Hannah v. State*, 280 Ga. App. 230, 235 (2) (633 SE2d 800) (2006).
[13] See Divisions 1 and 2, supra.