A09A0449. CANTY v. THE STATE.
(678 SE2d 169)

MILLER, Chief Judge.

A jury convicted Alfonzo Danien Canty of one count of criminal attempt to commit armed robbery (OCGA §§ 16-4-1 and 16-8-41) and one count of aggravated assault (OCGA § 16-5-21). Canty appeals from the trial court's denial of his motion for new trial, as amended, challenging (i) the sufficiency of the evidence, (ii) the admission of his confession in evidence, and (iii) the effectiveness of his trial counsel. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that on the evening of December 14, 2001, Tara Marquez was working the night shift as a carhop at the Sonic Drive-In Restaurant located in Statesboro. Near midnight, she was outside the restaurant sweeping up when she observed four males talking in hushed tones. Seeing them in dim light, she ran for the restaurant's back door. The four gave chase, one of them managing to grab her shirt as her manager pulled her into the restaurant.

Detective Katrina Marson of the Statesboro Police Department investigated the crimes and, in the course of her investigation, interviewed Canty who was then being held in the Bulloch County jail on other criminal charges. After being advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Canty orally admitted that he had grabbed Marquez's shirt while also holding a toy handgun on her in an attempt to rob her. Additionally, Canty identified a mask found at the scene as the one lost by one of the other perpetrators. Marson thereafter asked Canty to reduce his oral admission to writing, and he agreed. Canty's indictment and trial followed.

1. Canty contends that the evidence was insufficient to support his convictions of criminal attempt to commit armed robbery and aggravated assault, arguing that his confession was inadmissible because it was induced by the promise of a lighter sentence. We disagree.

> To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury. OCGA § 24-3-50. The State bears the burden of showing the voluntariness of a statement by a preponderance of the evidence, and in determining whether the State has met its burden the trial court must consider the totality of the circumstances.

(Citations and punctuation omitted.) *Rubia v. State*, 287 Ga. App. 122, 123 (650 SE2d 797) (2007). "Hope of lighter punishment, induced by one other than the defendant, is usually the 'hope of benefit' referred to in OCGA § 24-3-50. [Cit.]" (Punctuation omitted.) *Wesley v. State*, 177 Ga. App. 877, 880 (4) (341 SE2d 507) (1986).

At the suppression hearing, Marson testified that she asked for Canty's written statement, among other things, telling him that "if he or any of the other parties [had been] involved in any other things, . . . to put them in [his statement], . . . [s]o that maybe everything can be worked out altogether rather than as separate incidences . . . [a]nd hope for a shorter term." Marson further explained on direct at trial that she had offered to speak to the "[District Attorney's] office on [Canty's] behalf [if he] cooperat[ed]."

> Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the "hope of benefit" sufficient to render a statement inadmissible. It is the task of the trial court to determine whether a confession was voluntary, taking into account the totality of the circumstances.

(Punctuation and footnotes omitted.) *Bailey v. State*, 248 Ga. App. 120, 121 (545 SE2d 659) (2001); see also *High v. State*, 271 Ga. App. 388, 391 (2) (609 SE2d 722) (2005) (Telling a suspect that "judges love to hear that defendants helped the police" does not constitute a "hope of benefit.") (punctuation and footnote omitted).

Apart from his claim that his confession was induced by the hope of benefit, Canty does not otherwise challenge the voluntariness of his statement, and we find no basis upon which he might do so. Thus, the trial court did not clearly err in finding the confession was

voluntarily given after a knowing and intelligent waiver of his rights. See *Wiley v. State*, 245 Ga. App. 580, 581-582 (2) (538 SE2d 483) (2000) (court may find that State met its burden of showing voluntariness of confession where, as here, officer testifies *Miranda* rights were given and no coercion or threats made). Inasmuch as Canty's confession was corroborated by Marquez's testimony that she had been grabbed from the rear and the recovery of a mask found at the scene of the crime, the evidence sufficed to sustain the convictions. "The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the slightest evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient. [Cit.]" *Holloway v. State*, 269 Ga. App. 500, 503 (1) (604 SE2d 844) (2004).

2. During sentencing, the prosecutor requested that Canty be sentenced as a recidivist under OCGA § 17-10-7 (c). In making this request, the prosecutor erroneously advised the trial judge that OCGA § 17-10-7 (c) required that it impose the maximum sentence allowable on both counts, that such time be served in prison, and that the trial court was not permitted to probate any portion of the sentence. See *Pritchett v. State*, 267 Ga. App. 303, 304 (1) (599 SE2d 291) (2004) ("Although subsection (c) prohibits parole, it does not dispense with the trial court's discretion to probate or suspend part of a sentence under OCGA § 17-10-7 (a). [Cits.]"). In this regard, Canty also claims that his trial counsel was ineffective because, upon the trial court's request for his comment, trial counsel concurred in the foregoing statement. Pretermitting any deficient performance of trial counsel and finding no prejudice, we disagree.

To show ineffective assistance of trial counsel, Canty "has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different." (Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 25 (7) (619 SE2d 731) (2005).

The trial court reviewed copies of Canty's three prior felony convictions at the sentencing hearing and knew that he was then serving concurrent sentences of life plus twenty-five years and ten years, respectively. By his confession, Canty admitted that he was the gunman on the night of the crimes as to the offenses of which he was convicted. Inasmuch as Canty had already been sentenced to substantial time to serve in prison and in light of the seriousness of the instant offenses, we find that Canty has failed to meet his burden to show prejudice inuring to his detriment arising out of trial counsel's failure to correct the prosecutor's statement that sentencing him as a recidivist foreclosed any sentence to probation.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MAY 7, 2009

*Robert L. Persse*, for appellant.

*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney*, for appellee.